[No. 14409–0–I.   Division One.   May 5, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v.
L. C. WHITE, *Appellant.*

*Nancy L. Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

GROSSE, J.—L. C. White appeals his conviction on two counts of possession of stolen property in the second degree. He claims that evidence was improperly admitted under ER 609(a)(1) and ER 404(b).

White and his companion Peggy Stroud were arrested in a car a few minutes after they had attempted to purchase food at a delicatessen with a stolen credit card. The delicatessen sales clerk became suspicious when Stroud's signature and spelling did not match those on the back of the credit card and requested the manager of the store check the card. White then grabbed the card from the manager and he and Stroud fled to their car. At the time of the

arrest the police did not find the stolen credit card which had been used in the attempted purchase. They did find a Union Oil credit card in another name (Wally Klingele) on Peggy Stroud, and in the pocket of White's jacket, they found a Texaco credit card in the same name as that on the card they had attempted to use at the delicatessen. Also in the jacket pocket they found a phony Washington State identification card with White's picture on it. The identification card was in yet another name. White was charged for possession of the Visa card which he grabbed from the clerk, and for possession of the Texaco card which was in his jacket pocket. Stroud pleaded guilty to forgery and was sentenced to prison.

Before trial, White moved to exclude admission of the Union Oil credit card and the false identification card with White's picture on it. The trial court denied the motion with respect to the Union Oil card based on the State's offer of proof that it would establish a concerted effort in the delicatessen transaction by White and Stroud, making Stroud's possession of another stolen credit card relevant as to motive and plan. The court denied the motion as to the phony identification card on the basis that it went to the proof of motive, knowledge, absence of mistake, and possibly to preparation and plan to commit the offense. The court also ruled over defense objections, both prior to and during trial, that White's 1981 possession of stolen property conviction and his 1980 forgery conviction would be admissible for impeachment purposes if White chose to testify in his defense. The trial court made these rulings after receiving a proffer of White's proposed testimony. White did not testify.

## ADMISSION OF PRIOR CONVICTIONS

White refused to testify *primarily* because "his prior convictions would come in and infer similar offenses" according to his defense counsel. White's proposed testimony was that he was not aware of the stolen Texaco card in his pocket; that he was not aware Stroud possessed or

intended to use the stolen Visa card; and that he had no part in the delicatessen transaction other than to drive Stroud away. This offer of proof is inadequate to permit us to review the alleged error. *State v. Pam,* 98 Wn.2d 748, 763, 659 P.2d 454 (1983); *State v. Koloske,* 100 Wn.2d 889, 897, 676 P.2d 456 (1984).

A majority in *Pam* ruled that in order to preserve an alleged ER 609 error for review the defendant's offer of proof must meet two conditions. First, the offer must contain "a statement by the defendant that he or she *would* testify if the prior convictions were excluded" and second, the offer must contain a general outline of the proposed testimony. (Italics ours.) *Pam,* at 763. The plain meaning of this first requirement is that the defendant must present to the trial court an affirmative "but for" proposition: The defendant would testify "but for" the admission of the prior convictions. Only then can it be presumed that a ruling admitting the evidence of prior convictions would impinge upon the right of a defendant to testify in his or her behalf. *See State v. Jones,* 101 Wn.2d 113, 120, 677 P.2d 131 (1984).

Courts are cognizant of the possibility that defendants who do not wish to testify regardless of whether or not a prior conviction is admitted will use an ER 609 ruling as another basis for appealing a conviction. As a result the requirement of a proper offer of proof has been imposed to try to minimize this problem. *See Koloske,* at 897; *State v. LeFever,* 102 Wn.2d 777, 786, 690 P.2d 574 (1984). *Accord, State v. Goodman,* 42 Wn. App. 331, 342, 711 P.2d 1057 (1985).

Indeed, the United States Supreme Court has gone so far as to require a defendant actually testify and be impeached by a prior conviction in order to properly raise and preserve an ER 609 error for review. *Luce v. United States,* 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984). The Court's reasoning is apposite: First, because ER 609(a)(1) requires a court to weigh the probative value of a prior conviction against the prejudicial effect, a reviewing court is handi-

capped in any effort to rule on such "subtle evidentiary questions outside a factual context." *Luce,* at 41. Second, the possible harm flowing from a trial court's pretrial ruling permitting impeachment by prior conviction is wholly speculative since the actual testimony of the defendant could differ substantially from the offer of proof and the trial judge is free during the course of the trial to alter previous pretrial rulings on the issue. Also, the prosecution might well elect during the course of a trial not to attempt impeachment. Third, the determination of a defendant to testify seldom turns on a single factor such as the risk of impeachment. An offer of proof with a commitment to testify in the context of a motion to exclude impeachment evidence is risk free for the defendant. If he subsequently changes his mind there are no means to enforce the commitment. Fourth, any issue of harmless error can only be addressed in the context of an entire record in which the defendant testifies. A reviewing court cannot properly term "'harmless' an error that presumptively kept the defendant from testifying." *Luce,* at 42.

At the very least, *Luce* presents a strong argument for strict adherence to the requirements of *State v. Pam, supra.* In the instant matter White's counsel stated the threatened admission was the primary—but thus not the only—reason White would not testify. There being no assurance White would testify if the priors were excluded, we cannot presume the proposed admission prejudicial.

Prior to argument in this case, we requested counsel specifically address the issue of whether a prior conviction might properly be admitted simply as an unnamed felony in light of the decision in *State v. Jones.* Because of our holding above, adhering to the strict requirements of *State v. Pam,* resolution of this issue is not material to this case. Nevertheless, in view of the efforts of counsel focusing on this issue, we believe some comment is in order: Appellant contends that the admission of prior convictions simply as unnamed felonies is proper for the class of ER 609 cases wherein the prior conviction is for the same offense, or

where the crime for which the defendant is on trial is violent in nature. The State argues that any prior convictions must either be admitted by name or excluded altogether if the jury is to have sufficient tools to judge credibility, and that admitting an unnamed felony merely opens the door to widespread speculation as to the prior offense and why it was admitted.[1]

The principles underlying the holding of *State v. Jones* were summarized in the concurring opinion in *State v. Smissaert*, 41 Wn. App. 813, 818, 706 P.2d 647 (1985) (Grosse, J., concurring):

> Evidence of prior convictions is inherently prejudicial and there are few crimes other than those involving dishonesty or false statement that are probative of a witness's veracity.

The mere fact of a prior conviction is not a proper basis for its admission. It must have a direct bearing on the defendant's veracity. The inherent prejudice that is sought to be avoided is whether the evidence will unduly lead the trier of fact to conclude that one who has done it before is more likely than not to have done it again, or, that the defendant is simply a bad character and should be convicted on that basis. When a prior conviction which is sought to be used for impeachment is not named it is difficult to disagree with the logic of the trial court in this case: "[J]ust felonies, two felonies, do not really speak to the issue of credibility with the same impact, if at all." However, when considered in the context of how this evidence is actually presented to a jury the rationale of the cases which have sanctioned or suggested the use of unnamed prior convictions becomes more apparent.

---

[1]The only case outside this jurisdiction which appears to have touched upon this issue is from the Fifth Circuit. There, the court affirmed the trial court's specification of prior rape and assault convictions in a trial for murder, firearm, and assault charges on the basis of the trial court's rationale that such would be less prejudicial than permitting the jury to speculate that the priors were for similar shootings or murders. *See United States v. Shaw,* 701 F.2d 367, 385 (5th Cir. 1983), *cert. denied,* 465 U.S. 1067 (1984).

In *State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982), *State v. Friederick,* 34 Wn. App. 537, 663 P.2d 122 (1983), and *State v. Hightower,* 36 Wn. App. 536, 676 P.2d 1016 (1984), decided prior to *Jones,* this court has reasoned that where a trial court has engaged in the proper balancing, and has properly determined that a prior conviction or convictions should be admitted for impeachment purposes, admitting them simply as unnamed prior crimes is appropriate in circumstances where the prior crimes were the same or similar to those for which the defendant was currently on trial, *Moore* and *Friederick,* or involved violence, *State v. Hightower.* Where prior convictions are used for impeachment purposes, at most a "jury is only presented with the fact of conviction, the type of crime, and the punishment, not the underlying circumstances." *See State v. Newton,* 42 Wn. App. 718, 731, 711 P.2d 684 (1986) (Petrich, J., dissenting). In addition, the jury will receive the standard cautionary instruction telling them they are to consider the evidence only for purposes of deciding the weight or credibility to be given the testimony of the defendant and that it is not evidence of the defendant's guilt. *See* WPIC 5.05. It is clear that the balancing inquiry required by *State v. Jones, supra,* and *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980) is for the trial judge. Correspondingly, the determination of whether to name or not name the prior convictions introduced for the purposes of impeachment should rest with the discretion of the trial judge as an additional aspect of the ultimate determination that the prejudicial effect of the evidence on the defendant does not outweigh its probative value. It is apparent that no bright line rule can be formulated for this issue and that each case will have to be determined on its facts.

OTHER BAD ACTS EVIDENCE

Appellant contends admission of the Union Oil credit card seized from Stroud and the phony identification card seized from him was improper because neither was used in the transaction and could not have assisted in making the

transaction. Further, he argues that there was no proof that he knew Stroud had the Klingele card and thus there was no connection to the reasons for admission under ER 404(b). The State argues that admission of the evidence was proper to support its theory of a concerted effort between White and Stroud, and that it was relevant to the issues of knowledge, preparation, plan, and lack of mistake.

ER 404(b) provides in pertinent part:

Evidence of other crimes, wrongs, or acts . . . may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The test for admitting evidence of prior bad acts is whether it is relevant and necessary to prove an essential ingredient of the crime. *State v. Laureano*, 101 Wn.2d 745, 764, 682 P.2d 889 (1984). The trial court is required to determine the evidence relevant and necessary, to conduct a weighing process to determine whether the probative value of the evidence is greater than its prejudicial effect, and to properly instruct the jury as to the limited basis for which the evidence is admitted. *State v. Gatalski*, 40 Wn. App. 601, 607–08, 699 P.2d 804 (1985).

The Union Oil card may have been relevant but it was unnecessary. Admission of the card in the name of Klingele cannot be considered necessary to prove an essential ingredient of the crime. The State was able to establish, corroborated by Stroud, that she used the stolen Visa card in the name of Buetow to conduct the transaction. White had the Texaco card in Merrill Buetow's name with Dorothy Buetow's signature on the back when he was arrested. This was sufficient to show concerted activity between the two, and it was buttressed by credible testimony that White grabbed the Visa card from the clerk claiming it was his.

An error under ER 404(b) is nonconstitutional in nature. The standard of review is whether it is reasonably probable that the outcome of the trial was materially affected by the improper admission. *State v. Robtoy*, 98 Wn.2d 30, 653 P.2d 284 (1982). The error in this case must

be deemed harmless. Given the weight of the evidence, admission of the Union Oil card could not have materially affected the trial.

The phony identification card was properly admitted to show knowledge, plan, preparation, and absence of mistake. The trial court went through the appropriate factors in analyzing its admission and gave a restrictive instruction limiting use to the elements of knowledge, intent, and motive. *Gatalski*, at 608. The admission of the phony identification card was not an abuse of discretion. *State v. Gatalski, supra.*

The convictions are affirmed.

SCHOLFIELD, C.J., concurs.

WILLIAMS, J. (concurring)—ER 609(a)(1), requiring a determination of whether the probative value of admitting evidence of conviction of a crime outweighs its prejudicial effect to the defendant, places an extraordinarily heavy intellectual burden upon the trial judge in a case tried to the court without a jury and what may very well be an impossible burden in a jury trial when the witness is the defendant charged with a crime, as in this case. Both "probative value" and "prejudicial effect" cannot be found as facts, each containing a number of assignable probabilities. Therefore, the determination of what weight should be given to each must be made on the basis of judgment or, with a jury, opinion. A trial judge cannot gauge with any degree of accuracy the probative value each juror will give the evidence of the conviction and to what degree each juror will be prejudiced thereby. Upon appellate review, the court cannot gauge with any degree of accuracy whether the trial court, in attempting the balancing of probative value and prejudicial effect, properly exercised its discretion.

In short, I agree with the dissenting opinion of Justice Brachtenbach in *State v. Burton*, 101 Wn.2d 1, 12–24, 676 P.2d 975 (1984) eliminating impeachment by proof of prior convictions altogether, but as ER 609 is the law, I will state

that in my opinion the trial court did not abuse its discretion in this case.