[No. 30243-4-I.    Division One.    September 6, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCISCO A. GOMEZ, *Appellant.*

*Catherine Floit* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert T. Reischling, Deputy,* for respondent.

AGID, J. — Francisco Gomez appeals his conviction for possession with intent to deliver a controlled substance on the grounds that: (1) the trial court did not balance his prior convictions on the record before admitting them into evidence; (2) the trial court abused its discretion in admitting his prior convictions as "unnamed felonies"; (3) the trial court improperly admitted testimony under ER 804(b)(3); (4) he was entitled to, but did not receive, a lesser included

offense instruction; (5) he received ineffective assistance of counsel; and (6) there is insufficient evidence to support his conviction. We remand this case to the trial court with instructions to balance the probative value of his prior convictions against the prejudicial effect of admitting them on the record because we are not convinced that its failure to do so was harmless error.

## I

### FACTS

On August 15, 1991, Officers Monson and Kloss were working in plain clothes, focusing on narcotics activity around Pike Street in Seattle. Monson observed an individual later identified as Lopez engage in activity consistent with drug dealing. The officers also observed two women, Susan and Jill Luca, in the area contacting people. The Lucas walked over to Gomez and then the three of them approached Lopez. The Lucas, Gomez and Lopez walked to the area where Monson had observed Lopez engage in another transaction. Monson observed Jill Luca give Susan Luca some money. He then saw Lopez drop something into Gomez' palm. Gomez turned toward Luca and opened his hand to reveal two small balloon bindles later determined to contain heroin. Susan Luca reached into her pants pocket. At this point, Monson grabbed Gomez. Gomez dropped the balloons and Monson arrested him. The police searched Gomez but did not find any further evidence that could be tied to a narcotics transaction.

Officer Kloss saw Monson arrest Gomez, and he then arrested Susan Luca and Lopez. The officers searched Luca and found $60. She was arrested and taken to the station where she gave a statement to the police. The State moved pretrial to admit this statement. The State also moved to admit Gomez' prior convictions if he took the stand. Both motions were granted.

Gomez took the stand at trial. He testified that on August 15 he was at Second and Pike trying to buy cocaine. He stated that he already had some heroin but he wanted to use the two drugs together. Gomez denied selling heroin and

said that the heroin in his possession was for personal use. During cross examination, Monson agreed that two bindles of heroin could be for personal use. He also testified that Lopez and Gomez were not together until Luca brought them together and that he did not observe Gomez taking part in other activity consistent with drug dealing. Monson saw Gomez contact some people, but he acknowledged that Gomez could have been attempting to purchase drugs. Monson also stated that he did not see Luca give Gomez any money. The jury found Gomez guilty of possession with intent to deliver a controlled substance. This appeal followed.

## II

### FAILURE TO BALANCE *ALEXIS* FACTORS
### ON THE RECORD

██ The first issue we address is whether the trial court's failure to balance the probative value against the prejudicial impact of admitting Gomez' prior convictions on the record is harmless error.[1] Before admitting a prior conviction under ER 609(a)(1), the trial court is required to balance the prejudicial impact of the prior conviction against its probative value, using the factors set out in *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980). Under *State v. Jones*, 101 Wn.2d 113, 677 P.2d 131 (1984), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 761 P.2d 588, *adhered to on reh'g*, 113 Wn.2d 520, 728 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989), the trial court must state, on the record, its reasons for admitting or excluding the evidence. A failure to balance the *Alexis* factors on the record is harmless if the appellate court can determine, from the record as a whole, whether the evidence was properly admitted. *State v. Bond*, 52 Wn. App. 326, 333, 759 P.2d 1220 (1988).

The factors a trial court is required to balance before admitting prior convictions are: (1) the length of the defendant's criminal record; (2) the remoteness of the prior

---

[1]The convictions include possession of stolen property in the second degree, two failures to return to work release, and three convictions for violation of the Uniform Controlled Substances Act.

conviction; (3) the nature of the prior crime(s); (4) the age and circumstances of the defendant; (5) the centrality of the credibility issue; and (6) the impeachment value of the prior crime(s). *Alexis*, 95 Wn.2d at 19. We address these factors below to demonstrate the type of analysis the trial court should engage in when balancing the *Alexis* factors and the difficulty inherent in performing this balancing on appeal.

First, the length of Gomez' criminal record favors exclusion. "[U]nnecessarily cumulative" prior convictions are prejudicial. *Jones*, 101 Wn.2d at 121-22. The prejudicial effect of admitting six felony convictions is significant because it could lead a jury to convict a defendant based on his criminal history rather than his guilt for the crime with which he is charged. *See Jones*, 101 Wn.2d at 120.

Second, the remoteness of Gomez' prior convictions does not necessarily favor admission. Under ER 609,[2] a defendant's prior convictions falling within a 10-year period before his trial are admissible. However, the rule does not make convictions that are less than 10 years old automatically admissible. Rather, it reflects a judgment that convictions over 10 years old should generally be excluded because they have little or no bearing on a defendant's veracity and, therefore, the prejudicial effect of admitting those convictions will almost always outweigh their probative value. Thus, in considering this factor in the *Alexis* analysis, a trial court should evaluate the age of each prior conviction and examine its remoteness in time from the current charge and the other convictions to determine its bearing on a defendant's credibility. Generally, the older a conviction is, "the less probative it is of the defendant's credibility". *Jones*, 101 Wn.2d at 121.

---

[2]ER 609(b) provides in part:

"Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect".

■ Whether the third factor, the nature of Gomez' prior crimes, favors admission is not clear.[3] The greater the similarity between the prior conviction and the crime charged, the greater the possible prejudice in admitting it. *Jones*, 101 Wn.2d at 121. Gomez' two failures to return and the three violations of the Uniform Controlled Substances Act (VUCSA) were admitted as unnamed felonies. Thus, the similarity between the prior convictions and current charge was not an issue. Furthermore, as a general proposition, the admission of prior convictions as generic or unnamed felonies may serve to reduce the prejudice to the defendant.[4] In this case, however, we cannot tell from the record whether the trial court admitted Gomez' five prior convictions because it concluded that designating them as unnamed obviated this factor of the *Alexis* test or because it concluded that doing so reduced the overall prejudice to such an extent that it was unnecessary to do the balancing at all.[5]

Fourth, Gomez' age and circumstances favor admission. Generally, the younger a defendant was at the time he was convicted of the earlier crimes, the more likely it is that the prejudicial effect of the prior convictions will outweigh their probative value or that there may be extenuating circumstances the trial court should consider. *Jones*, 101 Wn.2d at 121. Gomez was 35 years old at trial and presented no evidence of extenuating circumstances that would favor exclusion.

■ Fifth, the centrality of the credibility issue probably favors admission in this case. Gomez' credibility was put at issue by his defense that he possessed the heroin for personal use rather than for sale. The State introduced Luca's statement claiming she was attempting to purchase the

---

[3]The admission of the possession of stolen property conviction is not at issue here. That conviction is automatically admissible under ER 609(a)(2) as a crime involving dishonesty. *See State v. Burton*, 101 Wn.2d 1, 676 P.2d 975 (1984).

[4]Gomez assigns error to this practice in his case. This issue is discussed below in conjunction with the sixth *Alexis* factor, the impeachment value of the crime.

[5]The colloquy during the ER 609 hearing indicates that the trial court intended to complete the analysis at a later time and simply forgot to do so.

heroin from Gomez in order to prove he possessed the heroin with the intent to sell it. The defense theory presented the jury with the issue of Gomez' credibility as it related to his explanation of why he was in possession of the heroin.

The interpretation of this factor is unclear under the case law. As was the case in *Alexis*,

> unless the defendant testifies it is highly unlikely that his version of the matter will get before the jury. Thus, while we believe it important that Alexis testify, we also believe it equally important that the jury be fully able to evaluate his credibility as a witness.

95 Wn.2d at 19. The court in *Jones* discussed the chilling effect of admission of prior convictions on the defendant's decision to testify,[6] which, it reasoned, militates against admission when the defendant's testimony and, hence, his credibility is central. Other cases emphasize that, at least in the context of ER 609(a)(2), the purpose of ER 609 impeachment evidence is to "enlighten the jury with respect to the defendant's credibility as a witness" and that " 'a defendant has no constitutional right to testify free of . . . impeachment' by his prior convictions." *State v. Ray*, 116 Wn.2d 531, 544, 546, 806 P.2d 1220 (1991) (quoting with approval *State v. Brown*, 113 Wn.2d 520, 552, 554, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989) (opinion of Brachtenbach, J.)). *See also Alexis*, 95 Wn.2d at 19 (discussing the issue in the context of a ruling under ER 609(a)(1)). In this case, however, Gomez testified despite knowing that his six prior convictions would be brought out if he did so. Therefore, the trial court's ruling does not appear to have had a negative effect on Gomez' right to testify in his own behalf.

The parties dispute whether the sixth factor, the impeachment value of the crime, favors admission. Gomez contends that his prior convictions have little to do with his credibility as a witness. The State maintains that the fact of any prior conviction has some impeachment value to the extent that it is a reflection on the defendant's character. The State's argu-

---

[6]*See Jones*, 101 Wn.2d at 120 (recognizing that admission may "adversely affect [the] defendant's decision to take the stand").

ment was rejected in *Jones*, 101 Wn.2d at 119, and we do not address it further here.[7] The State also argues that any potential prejudice from admitting the prior convictions was limited by the court's decision to admit them as unnamed felonies. Gomez maintains that the trial court abused its discretion in admitting the two failures to appear and the three VUCSA convictions as unnamed felonies.

The practice of admitting prior convictions as generic or unnamed felonies has been approved by this court. *See State v. White*, 43 Wn. App. 580, 718 P.2d 841 (1986) (discussing the issue in dicta); *State v. Smith*, 67 Wn. App. 81, 834 P.2d 26 (1992), *aff'd on other grounds*, 123 Wn.2d 51, 864 P.2d 1371 (1993);[8] *State v. Begin*, 59 Wn. App. 755, 763, 801 P.2d 269 (1990), *review denied*, 116 Wn.2d 1019 (1991); *Bond*, 52 Wn. App. at 334.[9] Admission of felonies as unnamed is a device that often lessens the prejudicial impact of admitting prior convictions, and we disagree with Gomez that to do so is an abuse of discretion.[10] However, this practice is only part of the *Alexis* balancing process, not a substitute for it. In *White*, we relied upon the reasoning of earlier cases for the proposition that

> where a trial court has engaged in the proper balancing, and has properly determined that a prior conviction or convictions should be admitted for impeachment purposes, admitting them simply as unnamed prior crimes is appropriate in circum-

[7]However, we do question why the drafters of the rule decided that ER 609(a)(1) convictions should be admitted at all if the fact of conviction itself is not somehow probative of credibility. Otherwise, logic would suggest that only crimes of dishonesty would be relevant.

[8]In *Smith*, this court noted that "any potential prejudice due to the similarity between the prior crimes and present crimes was diminished because the prior crimes were introduced as unnamed felonies." 67 Wn. App. at 90.

[9]In *Bond*, this court stated that "any possible prejudice due to the similarity between the prior and present crime was eliminated in the present case because the prior crime was admitted as a generic felony." 52 Wn. App. at 334.

[10]We note that the trial courts generally give the defendant the choice, as did the court in this case, because there are circumstances in which counsel may decide that jury speculation about the nature of the prior conviction is more prejudicial than naming the crime. This depends, of course, on the nature of both the charged and the prior crimes.

stances where the prior crimes were the same or similar to those for which the defendant was currently on trial . . ..

We also stated:

the determination of whether to name or not name the prior convictions introduced for the purposes of impeachment should rest with the discretion of the trial judge as an additional aspect of the ultimate determination that the prejudicial effect of the evidence on the defendant does not outweigh its probative value. It is apparent that no bright line rule can be formulated for this issue and that each case will have to be determined on its facts.

43 Wn. App. at 586. *Accord Begin,* 59 Wn. App. at 763. This case presents a somewhat different situation in that here the trial court failed to balance the *Alexis* factors on the record.

Although our decisions approve of the use of unnamed felonies, they do not approve of using them as a substitute for the balancing test mandated by *Alexis* and *Jones.* What the trial judge may well have done in this case was to conclude, without analyzing it on the record, that, under *Alexis,* Gomez' prior convictions were more probative of his credibility than prejudicial and then designated them as unnamed in order to lessen the prejudicial effect of their admission. The trial judge may also have considered the reduced prejudice of unnamed felonies as part of her evaluation of one or more of the *Alexis* factors themselves. Because we cannot tell from the record, we cannot dismiss the possibility that the trial court used the unnamed felony designation as a substitute for engaging in the balancing required by *Alexis.* If that were the case, the trial court abused its discretion.[11]

---

[11]Failing to balance the *Alexis* factors on the record is clearly error under *Jones,* 101 Wn.2d at 122. Subsequent cases have permitted the appellate courts to perform this balancing where possible in order to avoid reversing or remanding criminal cases in the interests of judicial economy, *see Bond,* 52 Wn. App. at 333 (citing *State v. Gogolin,* 45 Wn. App. 640, 645, 727 P.2d 683 (1986) (citing *State v. Tharp,* 96 Wn.2d 591, 600, 637 P.2d 961 (1981) ("[w]e should avoid multiple trials and attendant uneconomic use of judicial resources when the new trial will inevitably arrive at the same result"))). However, appellate review in this manner is an inappropriate substitute for a meaningful consideration of this issue at the trial level. The cases allowing appellate courts to resolve this issue where the trial court has not done so were not intended to create an exception to swallow the rule, nor did those cases contemplate that we substitute our analysis of the *Alexis* factors as a matter of course.

■ Although the trial court erred in admitting the prior convictions without balancing the *Alexis* factors on the record, the error does not mandate reversal of Gomez' conviction unless he can show that "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." ' " *Ray*, 116 Wn.2d at 546 (quoting *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986)); *Bond*, 52 Wn. App. at 326. We are not persuaded that the error was harmless error given the obvious prejudice inherent in admitting six prior felony convictions. This is especially true here because Officer Monson testified the heroin could be consistent with personal use, no other evidence of dealing was found on Gomez, and his testimony was contradicted only by Luca's written statement. Under these circumstances, we cannot conclude that the strength of the State's case rendered the six prior felonies insignificant in the eyes of the jurors. Accordingly, we remand this case for the trial court to perform the required balancing.[12]

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

PEKELIS, A.C.J., and BAKER, J., concur.

---

[12]We decline to reverse and remand this case for a new trial because, as the discussion above indicates, there is sufficient evidence in the record from which the trial court can perform the *Alexis* balancing. Thus, a new trial is not necessary unless, after performing the balancing, the trial court concludes that the prior convictions should not have been admitted.