IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

           Respondent,

           v.

DYLAN JOSEPH HECKL,

           Appellant.

)
)
)
)
)
)
)
)
)
)
)

No. 73932-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 9, 2015

BECKER, J. — ER 404(b) prohibits the admission of other acts to prove the character of a person in order to show action in conformity therewith. However, notwithstanding that prohibition, the failure to object to improper testimony constitutes a waiver of error unless the error presents an issue of constitutional magnitude. There being no ER 404(b) objection below, we affirm.

Appellant Dylan Heckl was charged with four drug crimes. One count of selling heroin and one count of delivering methamphetamine were based on the testimony of an informant who made two controlled buys. One count each of possessing heroin and possessing methamphetamine was based on what police found in a car under Heckl's seat. Heckl was also charged with one count of forgery.

While in custody, Heckl admitted that he was a drug dealer and that he bought heroin from a local supplier. The State moved in limine for permission to use these admissions at trial. The State argued that the admissions could be introduced as statements of a party opponent, under ER 404(b), or as res gestae evidence. When asked for his position on the issue, Heckl's trial counsel did not object, stating that Heckl would "defer to the court." The trial court found Heckl's statements admissible under ER 404(b) as circumstantial evidence to prove intent and a common scheme and plan, and alternatively as res gestae evidence.

The State presented the evidence through Detective Andrew Ejde:

Q. Okay. And what did he tell you about him selling drugs?
A. He admitted to selling drugs.
Q. What kind of drugs did he admit to selling?
A. Heroin.
Q. Where did he say he received the heroin?
A. From somebody that lived nearby.

The jury found Heckl guilty as charged. The jury answered "yes" to the State's special allegation that Heckl's deliveries occurred within 1,000 feet of a school bus stop. The court imposed a sentence totaling 116 months. The sentence consisted of 68 months on the heroin count, running concurrently with sentences on the other charges, plus two consecutive school zone enhancements of 24 months each.

Heckl contends on appeal that his admission to being a drug dealer was inadmissible and highly prejudicial propensity evidence. His contention is not without merit. Prior instances of drug dealing demonstrate intent only through an inference of propensity: Because Heckl dealt drugs in the past, it is more likely that he sold the drugs the informant obtained during the controlled buys. See

2

State v. Pogue, 104 Wn. App. 981, 985-88, 17 P.3d 1272 (2001); State v. Escalona, 49 Wn. App. 251, 256, 742 P.2d 190 (1987).

But Heckl did not object below. Instead, he deferred to the court as to whether the jury should be allowed to hear that he admitted to being a drug dealer. This court will not consider an issue for the first time on appeal unless it affects a constitutional right. State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995). Heckl's assignment of error under ER 404(b) is nonconstitutional in nature and was not preserved below. State v. White, 43 Wn. App. 580, 587, 718 P.2d 841 (1986). The issue is waived.

Next, Heckl claims error in sentencing. Heckl was charged and convicted of selling heroin for profit, contrary to RCW 69.50.410(1). The court calculated the 68-month sentence under the Sentencing Reform Act of 1981, chapter 9.94A RCW. Under the act, drug offenders are sentenced according to the "seriousness level" attributable to their crime and their offender score. RCW 9.94A.517. The sale of heroin for profit, the crime defined in RCW 69.50.410, has a seriousness level of three. RCW 9.94A.518. For a defendant like Heckl with an offender score of 5, the 68-month sentence imposed is at the low end of the standard range. RCW 9.94A.517.

Heckl argues that instead of using the sentencing grid in RCW 9.94A.517, the court was obligated to impose a sentence of only two years for selling heroin. The penalties section of RCW 69.50.410 calls for a mandatory two-year sentence:

> Any person convicted of a violation of subsection (1) of this section by selling heroin shall receive a mandatory sentence of two years in

a correctional facility of the department of social and health services and no judge of any court shall suspend or defer the sentence imposed for such violation.

RCW 69.50.410(3)(a). Heckl claims that by its own plain language, RCW 69.50.410 creates its own sentencing scheme independent of the general sentencing scheme found in the Sentencing Reform Act.

The question here is what did the legislature intend. The penalty language that Heckl relies on, RCW 69.50.410(3)(a), predates the Sentencing Reform Act. By its own plain language, the Sentencing Reform Act governs sentencing for all felonies committed after June 30, 1984. RCW 9.94A.905. "When a person is convicted of a felony, the court shall impose punishment as provided in this chapter." RCW 9.94A.505(1). The Sentencing Reform Act specifically refers to RCW 69.50.410 (sale of heroin for profit) in the table of seriousness levels and assigns to it a seriousness level of three. RCW 9.94A.518. We conclude that the language of the later-enacted statute evinces legislative intent to supersede the previous statute. The trial court did not err in using the sentencing grid of RCW 9.94A.517 to determine that 68 months was an appropriate sentence for the heroin conviction.

Next, Heckl seeks reversal of the forgery conviction. Heckl was detained when police were executing a search warrant in connection with an investigation of Heckl's roommate for counterfeiting activity. Heckl consented to a detective's request to remove his wallet from his pocket. The detective opened up the wallet and found a counterfeit twenty dollar bill. Heckl admitted he knew the bill was fake. This was the sole basis for the charge of forgery.

4

Heckl claims, and the State concedes, that trial counsel was ineffective for not moving to suppress the counterfeit bill. Removing the bill from Heckl's wallet exceeded the scope of Heckl's consent. The forgery charge was based on an illegal search. We accept the State's concession.

The forgery conviction is reversed. The remaining convictions are affirmed.

Becker, J.

WE CONCUR:

Spearman, C.J.