# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>TODD ANTHONY PEREZ,<br><br>Appellant. | No. 73105-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED<br><br>FILED: <u>March 21, 2016</u> |

Cox, J. – Todd Perez appeals the judgment and sentence imposed following his conviction of failing to register as a sex offender. The trial court properly admitted Perez's prior convictions under ER 609(a)(2). It did not abuse its discretion by characterizing these convictions as "crimes of dishonesty." Additionally, the trial court did not comment on the evidence by stating that Perez's conviction was for a "crime of dishonesty" in its limiting instruction. Lastly, the trial court did not abuse its discretion by giving the State's proposed jury instruction and rejecting Perez's. We affirm.[1]

Perez was previously convicted of a sex offense, requiring him to register as a sex offender. He registered with the Snohomish county sheriff as homeless. Because he was homeless, he had to register weekly. Perez allegedly did not comply with the registration requirements. He was charged with failing to register as a sex offender.

---

[1] We hereby withdraw the decision filed on January 19, 2016 and substitute this decision. We do this in granting Perez's motion for reconsideration regarding costs.

During trial, Perez moved to prohibit the State from characterizing his prior convictions as crimes of dishonesty. Instead, he asked that the State name the crimes, arguing that using the term "crimes of dishonesty" was "a comment on the evidence" and "would be improper in expressing a personal opinion." The court denied Perez's motion. The court stated that "the whole purpose [of ER 609] is to alert the jury that these particular crimes go to the defendant's credibility" and that "[the State] has a right to indicate that these are crimes of dishonesty."

During direct examination, Perez was asked if he had "been convicted of four other charges which are considered crimes of dishonesty," to which he answered yes. Perez did not object to this question.

Additionally, the parties disagreed on how to characterize these convictions in the court's limiting instruction. Perez proposed a jury instruction, stating "You may consider evidence that the defendant has been convicted of a non-sex offense crime only in deciding what weight or credibility to give the defendant's testimony, and for no other purpose." The State's proposed instruction stated "You may consider evidence that the defendant has been convicted of a crime of dishonesty only in deciding what weight or credibility to give the defendant's testimony, and for no other purpose." The trial court determined that it was "appropriate to use the same terminology [as was used during the testimony] with the jurors." The court adopted the State's instruction. Perez later objected to this instruction.

The jury found Perez guilty of failing to register as a sex offender.

Perez appeals the judgment and sentence.

## PRIOR CONVICTIONS CHARACTERIZATION

Perez argues that the trial court abused its discretion in allowing the State to characterize his prior convictions as crimes of dishonesty. We disagree.

Under ER 609(a)(1), parties may offer evidence of a witness's felony convictions to impeach the witness's credibility.[2] But the court must determine "that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered."[3]

But under ER 609(a)(2), the court may admit evidence of a witness's criminal convictions for crimes "involv[ing] dishonesty" to impeach the witness's credibility. Convictions for crimes of dishonesty are per se admissible.[4] When a court admits a prior conviction under this rule, it should instruct the jury "'that the conviction is admissible only on the issue of the witness'[s] credibility, and, where the defendant is the witness impeached, may not be considered on the issue of guilt.'"[5]

After the trial court determines the prior conviction's admissibility, the court has discretion to name or not name the conviction.[6] "This rule tends to operate

---

[2] State v. King, 75 Wn. App. 899, 904, 878 P.2d 466 (1994).

[3] ER 609(a)(1).

[4] King, 75 Wn. App. at 904.

[5] City of Seattle v. Patu, 108 Wn. App. 364, 376, 30 P.3d 522 (2001), aff'd, 147 Wn.2d 717, 58 P.3d 273 (2002) (quoting State v. Brown, 113 Wn.2d 520, 529, 782 P.2d 1013, 787 P.2d 906 (1989)).

[6] King, 75 Wn. App. at 909.

as a defense option to request nondisclosure of the nature of the felony, because once the court rules in favor of admission, only the defendant will be strategically interested in moving to middle ground."[7]

We review for abuse of discretion rulings made under ER 609.[8] A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons.[9] "'A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard.'"[10] The appellant bears the burden of proving an abuse of discretion.[11]

Here, ER 609(a)(2) is at issue. The prior crimes at issue were convictions for second degree robbery, first degree possession of stolen property, third degree theft, and making a false statement. Accordingly, they were per se admissible.

In State v. White, this court stated that the decision whether to name a prior conviction:

> rest[s] with the discretion of the trial judge as an additional aspect of the ultimate determination that the prejudicial effect of the evidence on the defendant does not outweigh its probative value. It

---

[7] Id.

[8] State v. Garcia, 179 Wn.2d 828, 846, 318 P.3d 266 (2014).

[9] In re Marriage of Chandola, 180 Wn.2d 632, 659, 327 P.3d 644 (2014) (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

[10] Id. (quoting Littlefield, 133 Wn.2d at 47).

[11] State v. Asaeli, 150 Wn. App. 543, 573, 208 P.3d 1136 (2009).

is apparent that no bright line rule can be formulated for this issue and that each case will have to be determined on its facts.[12]

The trial court denied Perez's motion to prohibit the State from characterizing his convictions as crimes of dishonesty during his testimony, concluding that they were "appropriately referred to as crimes of dishonestly." The court also stated that "the whole purpose is to alert the jury that these particular crimes go to the defendant's credibility" and that "[the State] has a right to indicate that these are crimes of dishonesty." This was a proper exercise of discretion.

Perez argues that the jury should have been allowed to determine his credibility "free from the unfair prejudice arising from" the crimes of dishonesty label. He cites State v. Hardy[13] as support, stating that reversal is required "where credibility was central to the case" and where only a prior conviction was used to impeach the defendant's veracity. But that case is distinguishable.

In that case, the State moved to introduce Patrick Hardy's prior drug conviction to impeach his testimony.[14] The defense objected, and the trial court admitted Hardy's conviction as an unnamed felony under ER 609(a)(1), stating "'the jury should be entitled to know that there is some prior conviction.'"[15] The

---

[12] 43 Wn. App. 580, 586, 718 P.2d 841 (1986).

[13] 133 Wn.2d 701, 713-14, 946 P.2d 1175 (1997).

[14] Id. at 705.

[15] Id. at 706.

defense elicited Hardy's unnamed felony on direct.[16] The jury convicted Hardy

for second degree robbery and he appealed.[17]

In its unnamed felony analysis, the supreme court stated

If the balance merits admission, it is anomalous to unname the felony as it is generally the nature of the prior felony which renders it probative of veracity. Courts should not admit unnamed felonies under ER 609(a)(1) unless they can articulate how unnaming the felony still renders it probative of veracity.[18]

The supreme court determined the trial court erred in admitting Hardy's

prior drug conviction "as neither the State nor the trial court articulated how it was

probative of Hardy's veracity."[19] It also stated that "Hardy's credibility was

important because it was virtually his word against the alleged victim's as to

whether he forcefully took the jewelry. . . . There was no[] overwhelming

evidence that Hardy forcefully took the jewelry as alleged."[20] Additionally, "the

prior crime was the only impeachment of Hardy's veracity and was thus critical."[21]

Accordingly, the supreme court concluded that "there was at least a

reasonable probability that this improper impeachment affected the jury's

determination" and reversed the admissibility of the prior drug conviction.[22]

---

[16] Id.

[17] Id.

[18] Id. at 712.

[19] Id. at 713.

[20] Id.

[21] Id.

[22] Id.

Here, ER 609(a)(2) controls, not ER 609(a)(1). There is no legitimate dispute over whether the prior convictions are crimes of dishonesty. They were for second degree robbery, first degree possession of stolen property, third degree theft, and making a false statement. Additionally, the admissibility of his prior convictions was not at issue as in Hardy. Rather, the issue is the characterization of those prior convictions.

Perez also cites to Hardy,[23] arguing that naming the convictions "is the preferred method for impeachment evidence under" the rule. But the decision on how to characterize such convictions is a discretionary one. The rationale of the court in this case was proper.

## COMMENT ON THE EVIDENCE

Perez argues that one of the court's jury instructions constituted an improper comment on the evidence. We disagree.

Article IV, section 16 of Washington's constitution prohibits judges from conveying their "personal attitudes toward the merits of the case." It also prohibits a judge from "instructing a jury that 'matters of fact have been established as a matter of law.'"[24] The purpose of this provision "is to prevent the jury from being influenced by . . . the court's opinion of the submitted evidence."[25]

---

[23] Id. at 712.

[24] State v. Besabe, 166 Wn. App. 872, 880, 271 P.3d 387 (2012) (quoting State v. Becker, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997)).

[25] State v. Miller, 179 Wn. App. 91, 107, 316 P.3d 1143 (2014).

The facts and circumstances of each case must be reviewed when determining whether an act constituted a comment on the evidence.[26] Whether the trial court's feeling as to the truth value of a witness's testimony has been communicated to the jury is the "'touchstone of error.'"[27]

A jury instruction may constitute an improper comment on the evidence.[28] An instruction improperly comments on the evidence when it "relieve[s] the State of its burden" of proof or "resolve[s] a contested factual issue for the jury."[29] A jury instruction does not comment on the evidence when it "'does no more than accurately state the law pertaining to an issue.'"[30] Further, an instruction does not comment on the evidence if the court expresses no opinion on the parties' "character or credibility or the strength of their case," "merely articulate[s] the basis for evidentiary rulings[,] and appropriately instruct[s] the jury on the use of evidence" admitted for limited purposes.[31]

Here, the jury instruction did not comment on the evidence. It merely gave the jury a proper legal characterization of the crimes at issue. Nothing about the instruction communicated the judge's view on any contested factual issue.

---

[26] State v. Francisco, 148 Wn. App. 168, 179, 199 P.3d 478 (2009).

[27] Id. (quoting State v. Lane, 125 Wn.2d 825, 838, 889 P.2d 929 (1995)).

[28] Miller, 179 Wn. App. at 107.

[29] State v. Brush, 183 Wn.2d 550, 557, 353 P.3d 213 (2015).

[30] Id. (quoting State v. Woods, 143 Wn.2d 561, 591, 23 P.3d 1046 (2001)).

[31] Wuth ex rel. Kessler v. Lab. Corp. of Am., 189 Wn. App. 660, 700, 359 P.3d 841 (2015).

The plain terms in the instruction demonstrate that the court instructed the jury "'that the conviction is admissible only on the issue of the witness' credibility, and . . . may not be considered on the issue of guilt.'"[32] The instruction also "expressed no opinion" on Perez's "character or credibility or the strength of [his] case."[33] Thus, the trial court did not "pass[] upon the credibility of [Perez's] testimony but was simply advising the jury concerning the limited purpose for which the evidence could be considered."[34] "Whether or not [Perez's] testimony was to be believed was a question for the jury."[35]

Perez relies on State v. Dewey,[36] arguing that the instruction allowed "the jury to infer that the trial court believed Perez was dishonest and therefore not credible." But that case is distinguishable.

Before the victim testified in that case, "the court instructed the jury that they would hear evidence concerning an 'incident.' But the final instruction described the incident as a 'rape.'"[37] Division Two concluded that the instruction "allowed the jury to infer that the judge accepted [the witness's] testimony as

---

[32] Patu, 108 Wn. App. at 376 (quoting Brown, 113 Wn.2d at 529).

[33] Wuth ex rel. Kessler, 189 Wn. App. at 700.

[34] Moore v. Mayfair Tavern, Inc., 75 Wn.2d 401, 409, 451 P.2d 669 (1969).

[35] Id.

[36] 93 Wn. App. 50, 59, 966 P.2d 414 (1998), abrogated by State v. DeVincentis, 150 Wn.2d 11, 21, 74 P.3d 119 (2003).

[37] Id.

9

true," stating that "[t]he 'incident' would only become a 'rape' if [the victim's] testimony were believed."[38]

Here, both the direct examination question and instruction used the phrase "crime of dishonesty." Thus, the instruction did not allow the jury to infer that the trial court believed Perez was dishonest.

Perez also argues that the trial court should have used a more neutral term, stating that "the standard ER 609 limiting instruction does not reference 'crimes of dishonesty.'"

But this argument does not explain why the court abused its discretion in its choice of words. There is no dispute that these words were legally correct characterizations of the prior crimes.

Perez further argues that the jury was not instructed to refrain from inferring Perez's dishonesty or credibility from the trial court's comment. But the trial court instructed the jury to "disregard" any unintentional expression of the judge's "personal opinion." He also cites no authority requiring such an instruction. Thus, we do not further consider this argument.[39]

## PROPOSED INSTRUCTION

Perez argues that the trial court abused its discretion by giving the State's proposed instruction to the jury. We disagree.

---

[38] Id.

[39] See Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); RAP 10.3(a)(6).

"The purpose of an instruction is to furnish guidance to the jury in its deliberations, and to aid it in arriving at a proper verdict, so far as it is competent for the court to assist them."[40] "We consider instructions as a whole and read the challenged portions in context."[41] "Jurors are presumed to follow the court's instructions."[42]

"'Jury instructions are proper when they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law.'"[43] "A trial court is not required to give a requested instruction when the subject is adequately covered by another instruction."[44] A jury instruction's "propriety" "is governed by the facts of the particular case."[45]

Additionally,

> a trial court must give a limiting instruction where evidence is admitted for one purpose but not for another . . . . The trial court is not obliged to give the instruction in the exact language proposed by the defendant. The court has broad discretion to fashion its own limitation on the use of the evidence.[46]

---

[40] State v. Allen, 89 Wn.2d 651, 654, 574 P.2d 1182 (1978).

[41] State v. Fehr, 185 Wn. App. 505, 514, 341 P.3d 363 (2015).

[42] State v. Kalebaugh, 183 Wn.2d 578, 586, 355 P.3d 253 (2015).

[43] Fehr, 185 Wn. App. at 514 (quoting State v. Barnes, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005).

[44] Patu, 108 Wn. App. at 376.

[45] Fergen v. Sestero, 182 Wn.2d 794, 803, 346 P.3d 708 (2015).

[46] State v. Hartzell, 156 Wn. App. 918, 937, 237 P.3d 928 (2010).

Further, "where a prior conviction is an element of the current charge and a different prior conviction is also admitted as bearing on credibility or for some other purpose, it [is] preferable for the court to tailor the limiting instruction so that there can be no mistake which prior conviction it refers to."[47]

We review for abuse of discretion a trial court's decision to give a particular jury instruction.[48]

Here, Perez's proposed instruction stated "You may consider evidence that the defendant has been convicted of a non-sex offense crime only in deciding what weight or credibility to give the defendant's testimony, and for no other purpose."[49]

The trial court rejected Perez's instruction, stating that "since the evidence [concerned] crimes of dishonesty, . . . it's appropriate to use the same terminology with the jurors."[50] Additionally, the subject of Perez's proposed instruction, which explained how the jury was to consider his prior convictions, was adequately covered by the instruction that was given to the jury. Thus, the court did not abuse its discretion by giving the State's instruction, especially in light of its decision "to use the same terminology" in the jury instruction as was used during Perez's testimony.

---

[47] State v. Ortega, 134 Wn. App. 617, 622-23, 142 P.3d 175 (2006).

[48] Fergen, 182 Wn.2d at 802.

[49] Clerk's Papers at 70, 73.

[50] Report of Proceedings (December 9, 2014) at 103.

Perez argues that the trial court erred by giving the State's instruction. Because the issue here concerns the court's decision to give a particular jury instruction, the abuse of discretion standard of review applies.[51]

Perez specifically argues that his proposed instruction "was properly tailored to differentiate between" his convictions admitted for impeachment purposes and other purposes.[52] But the State's instruction was also tailored to differentiate between his prior convictions.

Perez also argues that his proposed instruction "allowed the State to receive all legitimate impeachment value from the prior convictions, without the unfair prejudice associated with labeling [them] as 'crime[s] of dishonesty.'"[53] He also argues that the court's error was prejudicial, claiming that his testimony was crucial to his defense that he did not knowingly fail to register. But as previously discussed, the court did not abuse its discretion by giving the State's instruction. Thus, these arguments are unpersuasive.

## COSTS

After the filing of this opinion, Perez moved for reconsideration asking us to exercise our discretion and decline to impose appellate costs. We grant his motion.

---

[51] Fergen, 182 Wn.2d at 802.

[52] Brief of Appellant at 13.

[53] Id. (some alterations in original).

Although neither Perez nor the State raised the issue of appellate costs in their appellate briefs, we follow our recent opinion in State v. Sinclair[54] and consider Perez's motion.

RAP 14.2 provides that a commissioner or appellate court clerk will award costs to the prevailing party "unless the appellate court directs otherwise in its decision terminating review." RCW 10.73.160(1) gives appellate courts discretion to decline to impose appellate costs on appeal.[55]

In Sinclair, Alan Sinclair moved for reconsideration regarding appellate costs after this court affirmed his conviction.[56] He requested that this court exercise its discretion and not impose these costs, arguing that he had no ability to pay them.[57]

Sinclair based his argument on the fact that the trial court waived all nonmandatory legal financial obligations (LFOs).[58] The trial court also authorized Sinclair "to appeal in forma pauperis," have appellate counsel appointed, and have the record prepared at the State's expense.[59] This order specifically stated

---

[54] No. 72102-0-I, 2016 WL 393719, at *2 (Wash. Ct. App. Jan. 27, 2016).

[55] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[56] Sinclair, 2016 WL 393719, at *3.

[57] Id. at *6.

[58] Id.

[59] Id. at *7.

that Sinclair was "'unable by reason of poverty to pay for any of the [appellate review expenses] and [could] not contribute anything toward the costs . . . .'"[60]

The State objected to Sinclair's request, arguing that he was "'likely'" eligible for retirement income.[61] The State also argued that there was "no independent check on the accuracy" of information on which the trial court's indigency order was based.[62]

There, this court granted Sinclair's motion for reconsideration and declined to award appellate costs, stating that "we will respect" the trial court's indigency finding "unless we are shown good cause not to do so."[63] This court specifically relied on RAP 15.2(f), which provides:

> A party and counsel for the party who has been granted an order of indigency must bring to the attention of the trial court any significant improvement during review in the financial condition of the party. The appellate court will give a party the benefits of an order of indigency throughout the review unless the trial court finds the party's financial condition has improved to the extent that the party is no longer indigent.

Thus, this court presumed that Sinclair "remain[ed] indigent" because there was no "trial court order finding that Sinclair's financial condition ha[d] improved or [wa]s likely to improve."[64] There was also no evidence supporting

---

[60] Id.

[61] Id.

[62] Id.

[63] Id.

[64] Id.

the State's "speculation that Sinclair ha[d] undisclosed retirement benefits."[65]

Accordingly, this court concluded that there was "no realistic possibility that [Sinclair] will be released from prison in a position to find gainful employment that will allow him to pay appellate costs."[66]

Here, in the sentencing phase of Perez's trial, Perez requested that the court waive all nonmandatory LFOs, arguing that he did not "have any stable work" and attempted to return to school before he was taken into custody.[67] He also asked for the court to set a payment plan of $25 per month.[68]

The State deferred to the trial court regarding the nonmandatory LFOs and stated that it did not know Perez's financial circumstances.[69]

The trial court imposed the mandatory LFOs and waived all other fines and fees "upon the finding of indigency."[70] The court also ordered a payment plan and sentenced Perez to 57 months in prison and three months of community custody.[71]

---

[65] Id.

[66] Id.

[67] Report of Proceedings (February 3, 2015) at 12.

[68] Id.

[69] Id. at 5-6.

[70] Id. at 30.

[71] Id.; Clerk's Papers at 6-7.

Shortly after the trial court entered the judgment and sentence, Perez filed a motion seeking review at public expense and appointment of an attorney.[72] In the motion, Perez asserted that he was unemployed, had no financial interests in property, and had no other assets.[73] The trial court granted his motion, appointing an appellate attorney under RAP 15.2.[74]

After we affirmed Perez's judgment and sentence, the State filed a cost bill.[75] Perez objected to it.[76]

Perez also moved for reconsideration, requesting that we exercise our discretion and decline to impose appellate costs in our decision terminating review.[77] In the motion, Perez argues that he does not have the ability to pay these costs, referring to his lack of stable work during sentencing, the trial court's decision to waive nonmandatory LFOs, and the trial court's order authorizing review at public expense and the appointment of an attorney.[78]

The State answered Perez's motion for reconsideration, arguing "To the extent that [Perez] has ability to pay, he should do so."[79]

---

[72] Motion for Reconsideration Appendix D.

[73] Id.

[74] Motion for Reconsideration Appendix C.

[75] Objection to Cost Bill Appendix A.

[76] Objection to Cost Bill.

[77] Motion for Reconsideration at 1.

[78] Id. at 3.

[79] Answer to Motion for Reconsideration of Order Awarding Costs at 5.

Here, as in <u>Sinclair</u>, the trial court found Perez indigent. Because there is no order finding that Perez's financial condition has improved or is likely to improve, we presume that Perez remains indigent. An award to the State for appellate costs is inappropriate under these circumstances.

The State asserts that payments were made from 2005 to 2008 and in 2011 towards Perez's prior LFOs.[80] The State's answer also mentions that an unpaid balance, including accrued interest, remains for Perez's prior LFOs and that Perez has not made any payments towards the LFOs in this case.[81] Although the State asserts that a financial history for this case and the prior case is attached to its answer, no financial history for this case was attached.

The fact that payments were made towards Perez's prior LFOs, which still carries an unpaid balance, does not establish that Perez has the ability to pay the appellate costs in this case.

We affirm the judgment and sentence, and deny the award of costs to the State.

Cox, J.

WE CONCUR:

Trickey, J.

Spearman, C.J.

---

[80] <u>Id.</u> at 2.

[81] <u>Id.</u>