[No. 24481-7-I. Division One. December 10, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY LEE BEGIN, *Appellant*.

*Deborah A. Whipple* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeanette Dalton, Deputy,* for respondent.

WEBSTER, J.—Timothy Lee Begin appeals his conviction of vehicular homicide. He contends the trial court erred in admitting two prior felony convictions for impeachment purposes under ER 609(a)(1), because the court did not

expressly determine that the convictions were probative of his veracity. We affirm the conviction.

## FACTS

Begin went to work at 6 p.m. on September 12, 1988. He served as night manager of a seafood processing plant in Kirkland. At 8 p.m., during a 20–minute break, he purchased a half case of beer and drank it with two co–workers. Begin consumed "[p]robably a six–pack".

At 10 p.m., he drove with one of the two co–workers to a nearby bar for an hour–long lunch break, where they met with the decedent and his friend. They did not eat anything. Begin drank a screwdriver and felt intoxicated. The decedent's friend was "surprised the bartender was even serving them drinks." Before leaving, Begin had another screwdriver and two shots of tequila.

He returned to work with his co–worker soon after 11 p.m. The decedent accompanied them because his friend had left the bar early and he needed a ride. Twenty minutes later, Begin and the decedent drove to another nearby bar, where they drank beer from 11:30 p.m. to 2 a.m. They returned to Begin's employment and appeared "smashed" to Begin's co–worker.

The decedent wanted to get some cocaine, so Begin drove him to a place on the other side of Lake Washington. From Kirkland, they took I–405 southbound to State Route 520, crossed the Evergreen Point Floating Bridge, and went south on Lake Washington Boulevard through the Arboretum. Begin felt intoxicated. Through the Arboretum, the road is narrow, windy, and unshouldered. The speed limit is 25 m.p.h. and the maximum safe driving speed is 30 m.p.h. Begin was travelling at a speed of at least 35 m.p.h.

An accident reconstructionist testified that Begin rounded a curve to the right, attempted but failed to negotiate a curve to the left, and crashed into a tree. There was no braking, and the speed upon impact was 35–45 mph. The tree crushed the right front of the car well into the passenger compartment, killing the decedent. The car was

found with the driver's side window down, the radio in the "on" position, and the volume all the way down. Begin's blood alcohol tested at .23 1½ hours after the collision.

Begin testified as follows: Just before the accident the decedent asked him, "Can you hear that?" Begin turned the radio down and opened his window but heard nothing. The decedent repeated his question, ultimately yelling and grabbing Begin's right arm. He pulled Begin's right arm 6 inches, hard enough to jerk him away from the steering wheel, even though Begin was steering with only his left hand. The decedent's actions scared Begin, causing him to turn and look toward the decedent. When Begin looked back at the road, he saw the curb, tree, and surrounding vegetation coming and knew he was going to crash. Although he did not recall, he assumed he turned the steering wheel to the left to avoid the tree. He tried to depress the clutch pedal and brake, but his feet slipped and went underneath the pedals. He was wearing rubber boots at the time, which were part of his work attire.

Before trial, the State moved in limine to admit evidence of two prior felony convictions for impeachment purposes, a 1982 second degree burglary and a 1985 second degree assault. Both convictions resulted from guilty pleas and Begin was still on probation for them.

Applying the so–called *Alexis* factors,[1] the court commented that the State's case was neither weak nor strong and, of the two persons who witnessed the accident, only the defendant could testify. The court noted that: (1) the nature of the prior crimes favored the defendant, assault being a violent crime and burglary being neutral; (2) the prior crimes were neither remote nor recent; (3) the dissimilarity between the prior crimes and the crime charged favored the State;[2] (4) although Begin was young at the time of the prior convictions, he was still young, and there

---

[1] *See State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980).

[2] The trial judge misspoke in stating the opposite.

were no extenuating circumstances, thus favoring the State; (5) because the prior convictions were the result of guilty pleas, they were less probative of his veracity than if he had testified, thus favoring the defendant; and (6) Begin's criminal record as evidenced by the two prior convictions was not long, and hence not unduly cumulative or prejudicial, thus favoring the State. Based on all of these considerations, the trial court determined that the prior convictions should be placed before the jury to determine Begin's credibility.

At the defense counsel's request, the prior convictions were admitted as unnamed felonies. On direct examination, Begin acknowledged that he "pled guilty to a couple prior felonies." Nothing further was disclosed, and the State did not inquire into the subject on cross examination.

## DISCUSSION

■ The issue before this court is whether the trial court abused its discretion in admitting evidence of Begin's unnamed felonies for impeachment purposes under ER 609(a)(1), and specifically, whether it erred in not expressly determining that Begin's prior convictions were probative of his credibility before admitting them.

ER 609(a) provides that prior convictions are admissible to impeach a witness

if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered, or (2) involved dishonesty or false statement, regardless of the punishment.

As ER 609(a)(1) indicates, a prior conviction need not involve dishonesty or false statement to be admissible, provided it is punishable by imprisonment in excess of 1 year and the probative value of admitting it outweighs its prejudicial effect. A primary theory behind admitting prior felonies is that they "are evidence of non–law–abiding character and such character of a witness is material circumstantial evidence concerning his likelihood of obeying

legal requirements concerning veracity." American Bar Ass'n Criminal Justice Section, *Federal Rules of Evidence: A Fresh Review and Evaluation,* 120 F.R.D. 299, 358 (1988) (citing *United States v. Lipscomb,* 702 F.2d 1049, 1060 n.43 (D.C. Cir. 1983) (en banc)). The 1-year requirement reflects the view "that a witness who has been convicted of a crime carrying a potential sentence as great or greater than that for perjury is less likely to be deterred from lying on the stand by the threat of a perjury charge." R. Aronson, *Evidence in Washington* 609–8 (1989). Although some felony convictions are more probative of credibility than others, all prior felony convictions less than 10 years old are deemed probative to some degree, "as demonstrated by the fact that a trial court has the authority to admit these convictions into evidence." *State v. Thompson,* 95 Wn.2d 888, 891, 632 P.2d 50 (1981). *See also Lipscomb,* at 1056–62, for extensive discussion.

The view that felony convictions less than 10 years old have at least some probative value on the issue of credibility does not conflict with Supreme Court decisions construing ER 609(a)(1). *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980); *State v. Jones,* 101 Wn.2d 113, 677 P.2d 131 (1984). In *Alexis,* the Supreme Court rejected the contention that all prior convictions are per se *admissible. Alexis; Jones,* at 119. In *Jones,* the court adopted a mandatory rule requiring trial courts to state for the record the factors which favor admitting or excluding prior conviction evidence. *Jones,* at 122. *See also State v. Fowler,* 114 Wn.2d 59, 68, 785 P.2d 808 (1990); *State v. Bond,* 52 Wn. App. 326, 332, 759 P.2d 1220 (1988). ER 609(a)(1) implies as a matter of law that prior felony convictions less than 10 years old have probative value; therefore, the trial court had no duty to make an explicit finding in that regard.

Rather, the trial court's task under ER 609(a)(1) is to determine whether the probative value of prior conviction evidence for impeachment purposes outweighs its prejudicial effect. Although felony convictions less than 10 years old have at least some probative value with respect to a

witness's credibility, they are also "inherently prejudicial." *Jones,* at 120; *Alexis,* at 18. "To offset this inherent prejudice," the State has the burden of demonstrating that the probative value of prior conviction evidence is greater than the prejudice to the defendant. *Jones,* at 120.

 Weighing the probative value of prior convictions for impeachment purposes against the prejudicial effect of such convictions "becomes more difficult when the witness is a defendant." *Alexis,* at 17. Of major consideration in the balancing process is "a comparison of the importance that the jury hear the defendant's account of events with the importance that it know of his prior conviction." *Alexis,* at 19; *Jones,* at 119, 121. In *State v. Jones, supra,* our Supreme Court elaborated on "the sharply conflicting policy interests at stake in the admission of prior conviction evidence." *Jones,* at 119. On the one hand, admitting a defendant's prior convictions could adversely affect that defendant's decision to take the stand. *Jones,* at 120; *Alexis,* at 19. Thus, if the defendant's testimony is crucial to the truth–finding function of the trial, either because the State's case is weak or the defendant is the only one who can testify in his or her defense, for example, then prior conviction evidence would tend to be highly prejudicial. *Jones,* at 121; *United States v. Brown,* 409 F. Supp. 890, 892 (W.D.N.Y. 1976). On the other hand,

> the more crucial the defendant's testimony, the more crucial it is that the jury not be misled as to the defendant's credibility. "Normally the court should err on the side of excluding a challenged prior conviction, with a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes." *United States v. Cook,* [608 F.2d 1175, 1187 (9th Cir. 1979) (en banc)]. *See also United States v. Jackson,* [405 F. Supp. 938 (E.D.N.Y. 1975)].

*Jones,* at 121.

There are six additional factors the trial court should consider in determining whether the probative value of admitting a prior crime outweighs the prejudice to the defendant:

(1) the type of crime—crimes of violence are not usually probative of the defendant's propensity to lie; (2) the remoteness of the prior conviction—the older the conviction, the less probative it is of the defendant's credibility; (3) the similarity of the prior crime [to the crime charged]—the greater the similarity, the greater the possible prejudice; (4) the age and circumstances of the defendant—was the defendant very young, were there extenuating circumstances?; (5) whether the defendant testified at the previous trial—if the defendant did not testify, the prior conviction has less bearing on veracity; (6) the length of the defendant's criminal record—unnecessarily cumulative prior convictions are more prejudicial.

(Citations omitted.) *Jones,* at 121–22; *see also Alexis,* at 19.

 The decision whether to admit prior convictions for impeachment purposes is "clearly within the discretion of the trial court" and "shall not be disturbed absent a clear showing of abuse." *Thompson,* at 892. In the instant case, the court based its ruling on a diligent application of the *"Alexis* factors." The court could have easily found that permitting the jury to know of Begin's prior convictions would foster rather than frustrate the truth–finding function of the trial and was not so prejudicial as to prevent Begin from testifying. Begin's defense was that the decedent's act of grabbing his arm and causing him to lose control of the car was an intervening and superseding cause of the accident. Begin's credibility was central to his defense, and the State had no direct evidence with which to impeach it. Under these circumstances, evidence tending to impeach Begin's credibility was important for the jury to know. *See, e.g., State v. Saldano,* 36 Wn. App. 344, 349, 675 P.2d 1231 (1984); *Fowler,* at 68; *State v. Bond,* 52 Wn. App. 326, 334, 759 P.2d 1220 (1988).

Moreover, in closing argument, the prosecutor made three passing references to Begin's prior felonies, emphasizing they were relevant only in deciding whether to believe Begin's testimony. This reiterated the court's instruction that the prior convictions could be considered only in determining Begin's credibility and not in determining his guilt. Begin's credibility was crucial; he admitted the prior convictions on direct examination and was not

questioned about them on cross examination; the jury was properly instructed; and the prior convictions were completely unrelated to the current charge. *Fowler,* at 68–69.

The dissimilarity between the prior crimes and the crime charged negated the possibility that the jury would infer from the prior convictions that Begin was "merely repeating crimes for which he had already been convicted". *Fowler,* at 69. This possibility also diminishes when the prior convictions are admitted as unnamed felonies, as the defense counsel elected to do here. *See Bond,* at 334. We conclude the trial court did not abuse its discretion in admitting evidence of Begin's prior felony convictions.

Affirmed.

COLEMAN, C.J., and BAKER, J., concur.

Reconsideration denied February 6, 1991.

Review denied at 116 Wn.2d 1019 (1991).