[No. 29372-9-I.    Division One.    August 8, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JIMMY LEE KING, *Appellant*.

900

*Mary Jane Ferguson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sabrina Housand, Deputy,* for respondent.

[As amended by order of the Court of Appeals October 11, 1994.]

BECKER, J. — Jimmy Lee King appeals his conviction for possession of cocaine pursuant to the Uniform Controlled Substances Act. He claims the trial court erred when it failed to provide the jury with a unanimity instruction under *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), because the State, while telling the court it would elect one of two possible acts of possession, failed to do so. We agree, and reverse. We

also review the trial court's decision to admit, as a generic "felony", evidence of King's 9-year-old prior conviction for drug possession. Upon retrial, the trial court should consider the nature of the prior felony in balancing probative value against prejudice, without assuming that any prejudice can be cured by admitting it unnamed. Any decision to admit the felony as unnamed must be made subsequent to the balancing decision, not as a substitute for it.

## I

Seattle police officers Bachler and Kraus stopped a car driving with defective brake lights in February 1992. The officers checked for outstanding warrants on both the driver and the only passenger, King. Officer Bachler observed that both King and the driver looked like they were trying to reach down in between the seats.

Finding an outstanding warrant only on the driver, the officers arrested him. As King stepped from the car, Officer Bachler saw him make a flipping motion, appearing to toss something away. He noticed that the fanny pack King was wearing was open, while it had been closed only moments before.

Officer Kraus saw the driver also make a throwing motion in the direction of the car's interior with his right hand as he got out of the car. Searching between the driver and passenger seats, Officer Bachler found on the floor a red Tylenol container containing rock cocaine. As a result of this discovery, the officers arrested King too.

Upon arrival at the police station, Officer Kraus, conducting an inventory search, found another piece of rock cocaine in King's fanny pack. The State charged King with only one count of possession of cocaine.

At trial, King disputed the officer's account of the arrest. He testified that when the officers arrested him, they dumped the contents of the fanny pack out on top of the car's roof, finding only his identification, cigarettes, and spare change. King asserted that Officer Kraus, while searching King's person in the holding cell, held up a rock of cocaine he

had been hiding beneath his fingernail, saying, "Look what I found in your pouch". When King asked Officer Kraus why he was planting this on him, the officer responded that it was a drug area and that if King were ever caught in the area again and did not "have something", the officers would make sure that he did "have something".

Over defense counsel's objection, the judge allowed the prosecutor to impeach King's credibility as a witness under ER 609(a)(1) with an unnamed felony, King's 9-year-old conviction for the identical crime, possession of cocaine.

The jury found King guilty of one count of possession as charged. He was sentenced to 6 months based on an offender score of 1.

## II
### RIGHT TO A UNANIMOUS JURY

Washington law holds that a defendant may be convicted only when a unanimous jury concludes the criminal act charged in the information has been committed. *State v. Stephens*, 93 Wn.2d 186, 190, 607 P.2d 304 (1980). When the prosecutor presents evidence of several acts that could form the basis of one count charged, either the State must tell the jury which act to rely on in its deliberations or the court must instruct the jury to agree on a specific criminal act. *State v. Petrich*, 101 Wn.2d 566, 570, 572, 683 P.2d 173 (1984). The rationale for *Petrich*'s protections in multiple act cases stems from possible confusion as to which of the acts a jury has used to determine a defendant's guilt, where the evidence tends to show two separate commissions of a crime.

The State argues that the evidence amounts to a "continuing course of conduct" rather than two separate acts.

> Under appropriate facts, a continuing course of conduct may form the basis of one charge in an information. But "one continuing offense" must be distinguished from "several distinct acts," each of which could be the basis for a criminal charge. To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner.

(Citations omitted.) *Petrich*, at 571. A continuing course of conduct has been used to describe acts of assault during a 2-

hour time period resulting in a fatal injury, *State v. Crane*, 116 Wn.2d 315, 330, 804 P.2d 10, *cert. denied*, 115 L. Ed. 2d 1033 (1991); acts of assault used in an attempt to secure sexual relations, *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989); acts taken collectively which promote prostitution, *State v. Gooden*, 51 Wn. App. 615, 620, 754 P.2d 1000, *review denied*, 111 Wn.2d 1012 (1988); and acts of assault used for the purpose of intimidating a witness, *United States v. Berardi*, 675 F.2d 894 (7th Cir. 1982). No Washington cases have applied the "continuing course of conduct" exception to *Petrich* in the context of a drug possession offense.

The State's evidence tended to show two distinct instances of cocaine possession occurring at different times, in different places, and involving two different containers — the Tylenol bottle and the fanny pack. One alleged possession was constructive, the other actual.

The trial court offered to submit a written unanimity instruction. The prosecutor said, "I guess I just do not see why that could not be done in argument as opposed to written down." At this point, King requested a written unanimity instruction. The court denied the request in light of the State's avowed intention to make an election in argument. In closing argument, however, the State offered both the Tylenol bottle and the fanny pack as a basis for conviction.

■ If the State claims it will elect one out of multiple incidents to rely on for conviction it may not later equivocate. In such a case, the trial court must remedy the State's error by issuing a unanimity instruction. Here, as a result of the State's comment and the court's inaction, we cannot say that the jury acted with unanimity as to one act of possession.

■ Failure to follow *Petrich*'s protections is constitutional error. The jury verdict will be overturned if a rational trier of fact could have a reasonable doubt as to whether each incident established the crime beyond a reasonable doubt. *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988).

Sufficient conflicting evidence exists as to which one of the car's occupants constructively possessed the Tylenol bot-

tle for us to conclude that a rational trier of fact could entertain reasonable doubt as to whether King was responsible for the Tylenol bottle. The evidence is also conflicting as to King's alleged possession of the cocaine in the fanny pack. King testified that he was unaware of the cocaine in his fanny pack and asserted that the officers must have planted it. King's testimony requires a determination of credibility that is uniquely the jury's to make. We cannot say that no rational trier of fact would entertain a reasonable doubt about King's responsibility for the cocaine in his fanny pack.

Under these circumstances, the lack of a unanimity instruction to the jury was not harmless. Accordingly, we reverse and remand for a new trial.

## III

### UNNAMED FELONY

King also challenges the trial court's ruling which allowed the jury to hear that he had been convicted of a felony 9 years earlier. We address this issue because it will recur at the retrial.

The court instructed the State not to name the prior felony as a drug offense and not to point out to the jury that the felony was unnamed. "That in my experience, tends to highlight the mystery of it more than just say is it true that you've been convicted of a felony back in 1983, and then march along."

ER 609(a)(1)[1] specifically makes evidence of prior felonies admissible for the limited purpose of attacking the credibility of a witness. Unless the prior felony involved dishonesty or false statement, in which case the conviction is per se admissible, the trial court must determine whether the evi-

---

[1]"*For the purpose of attacking the credibility of a witness in a criminal or civil case,* evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, and *the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered,* or (2) involved dishonesty or false statement, regardless of the punishment." (Italics ours.) ER 609(a).

dence will be more useful in helping the jury to determine whether the witness is credible than it will be prejudicial to the defendant. "Such a determination, of course, becomes more difficult when the witness is a defendant." *State v. Alexis*, 95 Wn.2d 15, 17, 621 P.2d 1269 (1980).

The law has long recognized that evidence of prior crimes is inherently prejudicial to a defendant in a criminal case.

> Statistical studies have shown that even with limiting instructions, a jury is more likely to convict a defendant with a criminal record. H. Kalven & H. Zeisel, *The American Jury* 146, 160-69 (1966). It is difficult for the jury to erase the notion that a person who has once committed a crime is more likely to do so again.

*State v. Jones*, 101 Wn.2d 113, 120, 677 P.2d 131 (1984), *overruled on other grounds by State v. Brown*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989).

Significant restrictions apply to the use of prior conviction evidence. *Jones*, at 121-22. Where ER 609 speaks of the "probative value" of the prior conviction, it does not mean that the prior conviction will help the jury to determine guilt for the current crime. The "sole purpose" of impeachment evidence under ER 609 is "to enlighten the jury with respect to the defendant's credibility as a witness." *Jones*, at 118. The prior convictions "must have some relevance to the defendant's ability to tell the truth. Simply because a defendant has committed a crime in the past does not mean the defendant will lie when testifying." (Citations omitted.) *Jones*, at 118-19.[2]

In what way a prior felony can be probative of a propensity to perjury other than as general evidence of bad charac-

---

[2]*State v. Jones*, 101 Wn.2d 113, 677 P.2d 131 (1984), *overruled on other grounds by State v. Brown*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989) held it was error for the trial court to admit, without articulating its reasons for doing so, past convictions for drug possession and carrying a concealed weapon — "In the abstract, these convictions have little to do with a defendant's credibility as a witness in a trial for second degree burglary and therefore, the probative value is minimal." *Jones*, at 122-23. In the consolidated case of *State v. Young*, the court similarly viewed the probative value of prior convictions for theft and attempted escape as "very minimal" compared to a prior forgery conviction. *Jones*, at 123.

ter has not been articulated either by the rule or by case law. In *Jones* the court rejected the argument that "lying is an integral facet of the criminal personality". *Jones*, at 119. In *State v. Fowler*, 114 Wn.2d 59, 785 P.2d 808 (1990), a case where the defendant's credibility was central, the Supreme Court affirmed the admission of prior convictions because they "could help the jury" assess the defendant's credibility, but did not explain how they could help. *Fowler*, at 69. In *State v. Pam*, 98 Wn.2d 748, 758, 659 P.2d 454 (1983), *overruled in part by State v. Brown*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989), the Supreme Court affirmed the use of prior forgery and narcotics convictions as relevant to credibility without comment as to whether the relevance derived from the mere fact of the convictions or from the specific nature of the convictions.

*Jones* implies it is only the specific nature of the prior felony which makes it probative. The State bears the burden of showing that the probative value outweighs the "obvious prejudice". *Jones*, at 120. "The State's burden is a difficult one as few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity." *Jones*, at 120. For example, crimes of violence "are not usually probative of the defendant's propensity to lie." *Jones*, at 121.

A competing view is that prior felonies of *any* nature have "at least some" probative value because they are "evidence of non-law-abiding character" and hence demonstrate a propensity to commit perjury. *State v. Begin*, 59 Wn. App. 755, 759, 801 P.2d 269 (1990) (quoting ABA Criminal Justice Section, *Federal Rules of Evidence: A Fresh Review and Evaluation*, 120 F.R.D. 299, 358 (1988)), *review denied*, 116 Wn.2d 1019 (1991). In *Begin*, the court affirmed the admission of a prior conviction for second degree burglary and a prior conviction for second degree assault as probative of the veracity of a defendant charged with vehicular homicide without explaining how they reflected on his veracity as a witness.

ER 609 lends itself to either interpretation. The rationale of *Begin* is that all prior felonies are probative as to credibility to some degree because otherwise the trial court would not have authority to admit them. *Begin*, at 760; *cf. State v. Gomez*, 75 Wn. App. 648, 655 n.7, 880 P.2d 65 (1994).[3] If the *Begin* rationale is correct, the specific nature of the prior felony is unimportant. Any prior felony is presumed probative at the outset of the balancing process. In contrast, the rationale of *Jones* is that prior crimes that do *not* involve dishonesty or false statement are not probative as a general rule. *Jones*, at 120. If the *Jones* rationale is correct, the specific nature of the prior felony is important. There is no presumption that a prior felony is probative as to credibility. The State has an uphill task, because before the court can balance, the State must present an argument showing how the probative value of the prior felony is derived from its specific nature.

In the present case the State's only effort to meet its burden of demonstrating the probative value of King's 9-year-old drug conviction was to assert that King's credibility was essential — an answer that begs the question. It was this generalized conclusion on which the trial court principally relied in making its decision to admit the prior conviction:

> I'm going to find that because it appears that what happened is critical . . . it means that the defendant's credibility is sharply at issue.
>
> . . . .
>
> By the same token, the risk of increased incarceration, as well as the impact of the convictions generally on credibility, leads me to conclude that on a balance, that [the jury] ought to also have this additional fact to determine issues of credibility.

The greatest possible prejudice arises where the prior conviction is identical to the crime charged. *Jones*, at 121; *see also Pam*, 98 Wn.2d at 760-62 (Utter, J., concurring). When, in such a case, the defendant's testimony is virtually the sole

---

[3]Subsequent to the filing of this opinion, *State v. Gomez*, originally filed June 6, 1994, and withdrawn by order dated August 18, 1994, was refiled on September 6, 1994.

evidence in his defense, the trial court is faced with a difficult decision. Admitting the prior convictions is prejudicial in itself and may work additional prejudice if it deters the defendant from taking the stand. At the same time, if the defendant's testimony is critical to the outcome of the case, then it is unfair to deprive the jury of any *properly probative* information that may help it to evaluate the defendant's credibility. *See Jones*, at 121; *Begin*, at 761. But the jury's need for information with which to evaluate the defendant's credibility does not resolve the original question as to whether the information about a prior conviction is properly probative — that is, in some way other than through the assumption "once a criminal, always a liar", rejected in *Jones*, at 119.

At this point in the balancing process, the unnamed felony presents itself as an inviting compromise, as a middle ground between exclusion or inclusion, especially "in circumstances where the prior crimes were the same or similar to those for which the defendant was currently on trial". *State v. White*, 43 Wn. App. 580, 586, 718 P.2d 841 (1986).

The practice of admitting a prior conviction as merely a "felony" first appeared in Washington case law as a stipulation offered by a defendant but rejected by the trial court. *State v. Moore*, 33 Wn. App. 55, 62, 651 P.2d 765 (1982) (use of unnamed offense "might have" avoided prejudice). We later upheld a trial court's ruling that two prior unnamed felony convictions could be used to impeach the defendant's credibility if he testified. *State v. Friederick*, 34 Wn. App. 537, 663 P.2d 122 (1983). In *Friederick*, the trial court first decided that the prejudice outweighed the probative value, then reversed itself and admitted the prior convictions on the condition that the State not identify the nature of the crimes. *Friederick*, at 543; *see also State v. Hightower*, 36 Wn. App. 536, 676 P.2d 1016, *review denied*, 101 Wn.2d 1013 (1984).

In *State v. White*, 43 Wn. App. 580, 718 P.2d 841 (1986), it was the defendant who argued for the admissibility of prior similar felonies as unnamed felonies. *White*, at 584. The State took the position that:

any prior convictions must either be admitted by name or excluded altogether if the jury is to have sufficient tools to judge credibility, and that admitting an unnamed felony merely opens the door to widespread speculation as to the prior offense and why it was admitted.

*White*, at 585.

The *White* court, in dicta, said that the decision to name or not name was within the trial court's discretion where the trial court, after proper balancing of the *Alexis* factors, had decided that the named felonies could properly be admitted. *White*, at 586. This rule tends to operate as a defense option to request nondisclosure of the nature of the felony, because once the court rules in favor of admission, only the defendant will be strategically interested in moving to middle ground. Some defendants may perceive that withholding the nature of the felony from the jury will lessen the prejudice, particularly where the prior felony is similar to the current charge. Other defendants may prefer that the felony be named so that the jury does not speculate that the prior conviction is something even worse.

White explains that the determination, like the balancing test under *Alexis*,

rest[s] with the discretion of the trial judge as an additional aspect of the ultimate determination that the prejudicial effect of the evidence on the defendant does not outweigh its probative value. It is apparent that no bright line rule can be formulated for this issue and that each case will have to be determined on its facts.

*White*, at 586.

The present case exemplifies how the option of the unnamed felony can improperly turn into a substitute for proper balancing of the *Alexis* factors. *Cf. Gomez*, slip op. at 10. The trial court should not decide whether to withhold from the jury the nature of the prior felony unless the court has already engaged in balancing and decided that the named felony should be admitted. *White*, at 586. Otherwise, what in practice has been a defense election becomes a defense obligation.[4]

---

[4]We anticipate the argument that the defendant who does not agree to let a similar prior felony go unnamed should be viewed as inviting any error that results from its admission as a named felony.

Our disposition of the present case follows *Jones* in requiring that probative value be demonstrated from the specific nature of the prior felony. We first observe that the State did not meet its burden of showing the probative value outweighed the prejudice. The State's only substantive comment — "I think that [King's] credibility is essential" — merely pointed out a factor that tends to favor both admission and exclusion. *Jones*, at 121; *Begin*, at 761.

Second, the trial court did not balance, on the record, all the factors that weigh for and against admissibility, as required by *Jones* and *Alexis*.[5]

The similarity of the prior crime is important to weigh particularly where, as here, the prior crime and charged crime are one and the same — possession. *See Jones*, at 121. The trial court's silence on this factor suggests that its decision to ameliorate the prejudice by not naming the prior felony was made before, rather than after, any balancing that the court may have done, contrary to the rule stated in *White*.

Under *Jones*, the older a conviction is, "the less probative it is of the defendant's credibility." *Jones*, at 121. King's 9-year-old prior felony conviction was remote in time — almost to the 10-year limit where it could not have been admitted at all. The trial court's comment on this factor was that the remoteness "takes some of the punch away from the impeachment quality of it". The court viewed this factor only as lessening the prejudice, while not taking account of the fact that it also lessens any probative value. Remoteness of the prior drug conviction cannot reasonably be seen as weighing toward admission in this case.

Of particular significance under the *Jones* rationale, the trial court did not explicitly consider "the type of crime". *Jones*, at 121. The record does not explain how a conviction for

---

[5]We review the trial court's decision to admit a prior conviction for impeachment purposes under an abuse of discretion standard and will not disturb it absent a clear showing of abuse. *State v. Begin*, 59 Wn. App. 755, 762, 801 P.2d 269 (1990) *review denied*, 116 Wn.2d 1019 (1991). Here, the trial court did not properly exercise the only discretion given to it under ER 609(a)(1). *Cf. United States v. Cook*, 608 F.2d 1175, 1195 (9th Cir. 1979) (Hufstedler, J., dissenting), *cited in Jones*, at 120.

possession of cocaine is probative of the defendant's propensity toward testimonial dishonesty. *See Jones*, at 121. If the probative value of a prior felony conviction for impeachment purposes derives from the specific nature of the prior conviction, then this factor is essential to a proper balancing.[6]

A cogent argument can be made that unnamed felonies undermine the intent of ER 609 if the *Jones* rationale is preferable to the *Begin* rationale. If a jury hears nothing about the nature of a felony, even a court's most meticulous balancing is for naught because the specific nature of the matter balanced has been transformed into an abstraction. Whatever the jury may have gained from the prior conviction evidence that would have assisted it in judging the defendant's credibility — and we express no opinion as to whether a drug conviction is helpful in this regard — is lost. As illustrated by the State's cross examination of King, the admission of an unnamed felony is formulaic and unrevealing:

> STATE: Isn't it true, Mr. King, that you were convicted of a felony in July of 1983?
>
> . . . .
>
> DEFENDANT: Yes, I pleaded guilty to a felony.

This exchange, in addition to King's testimony that he had been given a 5-year suspended sentence as a result of the prior conviction, was the full extent of the evidence and argument heard by the jury on the topic of King's prior felony. It is far from clear how a jury may properly use abstract information of prior criminality. At worst, the jury assumes that a person who has once committed any felony is more likely to commit the crime of cocaine possession. At best, diligently following the instruction that it can consider the prior conviction only to assess credibility and for no other purpose, the jury concludes that any felon may be viewed as having a propensity to commit perjury.

---

[6]It is not clear from the record whether there was any significance to other *Alexis* factors, including: "the age and circumstances of the defendant — was the defendant very young, were there extenuating circumstances?" and "whether the defendant testified at the previous trial — if the defendant did not testify, the prior conviction has less bearing on veracity." *Jones*, at 121. On retrial, these factors should also be weighed on the record.

The trial court here viewed this latter inference as permissible based on the greater risk of incarceration that generally faces a defendant with priors as compared to a first-time offender. *See Pam,* at 758. In fact, however, the prior felony in this case was so old that it did not elevate King's offender score. In any event, any prosecution brings with it the possibility of incarceration or other sanctions which the jury can consider as a possible motive to lie. *See State v. Burton,* 101 Wn.2d 1, 23, 676 P.2d 975 (1984) (Brachtenbach, J., dissenting). Moreover, *Jones* explicitly forbids the inference that a defendant who has committed any felony in the past is necessarily more likely to lie when testifying. *Jones,* at 119.

A position more aligned with the *Jones* rationale is the one advocated by the State in *State v. White, supra* — that any prior convictions must either be admitted by name or excluded altogether. Where the trial court decides that the specific nature of a prior conviction would help the jury in its task, and the value of that information to that end is greater than the inevitable prejudice, the jury should hear that information, unsanitized.[7] Where the prejudice associated with the felony outweighs any light it can shed on the defendant's credibility, the jury should hear nothing about it at all.

King asks us to rule against the admission of unnamed felonies altogether, as California's Supreme Court did in *People v. Rollo,* 20 Cal. 3d 109, 569 P.2d 771, 141 Cal. Rptr. 177 (1977).[8] *Rollo* held that the use of an unnamed felony convic-

---

[7]"Unless we assume that all felonies admissible under this subdivision have the same probative value and present the same threat of prejudice, the requirement that the courts balance implies that at least some details about the crime will be revealed." 28 Charles A. Wright & Victor J. Gold, *Federal Practice* § 6134, at 224 (1993).

To avoid a collateral and prejudicial exposition of the prior crime, most courts limit this information to the essential facts of the conviction including, at most, the nature of the crime, the time and place of each conviction, and the punishment or disposition. 28 Wright & Gold § 6134, at 222. *Accord State v. Newton,* 109 Wn.2d 69, 81, 743 P.2d 254 (1987).

[8]*Rollo* may have been superseded by a 1982 constitutional amendment providing for the unlimited use of prior felonies for purposes of impeachment in a criminal proceeding, *see People v. Castro,* 38 Cal. 3d 301, 696 P.2d 111, 211 Cal. Rptr. 719 (1985), but its reasoning may still be persuasive, *see People v. Valentine,* 42 Cal. 3d 170, 183 n.8, 720 P.2d 913, 228 Cal. Rptr. 25 (1986).

tion not only frustrated the jury's prime function of ascertaining the defendant's veracity, but also raised to unacceptable levels the possible risk of prejudice to the defendant.

> [T]he procedure adopted by the trial court gives the defendant the archetypal Hobson's choice of (1) remaining silent on the point and subjecting himself to the foregoing improper speculation by the jury, or (2) divulging the nature of his prior conviction and incurring an equally grave risk that the jury will draw an impermissible inference of guilt. Either way leads to prejudice: it is a game, in short, of heads the prosecution wins, tails the defendant loses.

*Rollo*, 20 Cal. 3d at 120.

On this record we decline to do more than require the trial court to conduct an explicit and thorough on-the-record balancing. In so doing, we explicitly adhere to the *Jones* rationale and require the trial court to articulate how the specific nature of the prior felony makes it one of the few offenses not involving dishonesty or false statement that nevertheless has probative value.

Only if that process results in a conclusion that probative value outweighs prejudice may the court consider requiring, as a means of lessening the prejudice to the defendant, that the nature of the felony not be disclosed to the jury.

KENNEDY, J., concurs.

SCHOLFIELD, J., concurs in the result.

Review denied at 125 Wn.2d 1021 (1995).