

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72944-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DENNIS WAYNE JACKSON, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 14, 2016 |

SCHINDLER, J. — Dennis Wayne Jackson seeks reversal of his jury conviction of one count of unlawful possession of a controlled substance. Jackson asserts the failure to give a Petrich[1] jury instruction violated his constitutional right to a unanimous jury verdict. We conclude the court erred in failing to give a Petrich instruction. However, because no rational juror could have a reasonable doubt as to whether each act established the crime beyond a reasonable doubt, the lack of a unanimity instruction was harmless, and we affirm.

FACTS

On September 27, 2014, Everett Police Officer Stephen Ross pulled over a blue Dodge Neon. Marcus Stoutenburg was driving the car and Dennis Wayne Jackson was

---

[1] State v. Petrich, 101 Wn.2d 566, 683 P.2d 173 (1984).

sitting in the front passenger seat. Officer Ross called for backup. Officer Timothy O'Hara responded.

Officer Ross arrested Stoutenburg for driving while license suspended. Officer Ross frisked Stoutenburg and placed him in the back of his patrol car. Officer O'Hara saw Jackson suspiciously moving his hands and suspected Jackson was attempting to conceal something. Officer O'Hara asked Jackson to step out of the car. After removing Jackson from the car, Officer O'Hara saw methamphetamine on the front passenger seat and floorboard and a digital scale in the passenger door pocket. Officer O'Hara frisked Jackson and arrested him on an outstanding warrant. Officer O'Hara placed Jackson in the back of his patrol car.

Officer Ross removed Stoutenburg from his patrol car and released him. Officer Ross then searched the rear passenger area of his patrol car to ensure there was no contraband. Officer Ross did not find any contraband. Officer O'Hara asked Officer Ross to transport Jackson to the Snohomish County jail. Officer Ross placed Jackson in the back of his patrol car.

After arriving at the jail, Officer Ross removed Jackson from the back of his patrol car. Officer Ross searched the rear passenger area of his patrol car again. This time he found a small plastic bag on the floor. Officer Ross believed the bag contained heroin and collected it as evidence.

While Jackson was in a holding cell, Snohomish County Corrections Deputy Shane Stevie saw him scratching underneath his left leg. Deputy Stevie asked to see his hands. Jackson was holding a small plastic bag in his left hand. Jackson attempted

to put the bag into his mouth and swallow it. After a struggle, Deputy Stevie and Deputy Keith Greely secured Jackson and seized the small plastic bag.

The Washington State Patrol Crime Laboratory (WSPCL) tested the plastic bag found in the patrol car and the plastic bag seized from Jackson. Both bags contained heroin.

The State charged Jackson with one count of unlawful possession of methamphetamine, count I, and one count of unlawful possession of heroin, count II. Jackson pleaded not guilty.

The State called a number of witnesses to testify during the three-day jury trial including Officer Ross, Officer O'Hara, Deputy Stevie, Deputy Greely, and a WSPCL forensic scientist. Jackson did not testify and the defense did not call any witnesses.

Over the defense objection, the court refused to give a Petrich unanimity instruction. The jury acquitted Jackson of possession of methamphetamine, count I. The jury convicted Jackson of possession of heroin, count II.

## ANALYSIS

Jackson seeks reversal of his conviction for one count of possession of heroin, arguing the court violated his constitutional right to a unanimous jury verdict by failing to give a Petrich instruction. State v. Petrich, 101 Wn.2d 566, 683 P.2d 173 (1984). The State argues a Petrich instruction was not required because the evidence showed a continuing course of conduct.

A defendant has a right to a unanimous jury verdict under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. State v. Fisher, 165 Wn.2d 727, 755, 202 P.3d 937 (2009) (citing State v.

3

Kitchen, 110 Wn.2d 403, 409, 756 P.2d 105 (1988)). Where the evidence indicates that more than one distinct criminal act has been committed but the defendant is charged with only one count of criminal conduct, either (1) the State may elect the act upon which it will rely for conviction, or (2) jurors must be instructed that they must agree that the same underlying criminal act has been proved beyond a reasonable doubt. State v. Bobenhouse, 166 Wn.2d 881, 893, 214 P.3d 907 (2009) (citing Petrich, 101 Wn.2d at 572). However, no election or unanimity instruction is required if the evidence establishes a "continuing course of conduct." Petrich, 101 Wn.2d at 571. We review the facts in a commonsense manner to determine whether criminal acts consist of a continuing course of conduct. Petrich, 101 Wn.2d at 571.

The State relies on State v. Love, 80 Wn. App. 357, 908 P.2d 395 (1996), to argue a continuing course of conduct. In Love, during a search of Love, police found 5 rocks of cocaine in a lip balm container that had been in Love's pocket. Love, 80 Wn. App. at 359. The police then searched Love's house and found an additional 40 rocks of cocaine. Love, 80 Wn. App. at 359. The State charged Love with one count of possession of a controlled substance with an intent to deliver. Love, 80 Wn. App. at 362. The court did not give a Petrich instruction. Love, 80 Wn. App. at 360. On appeal, this court concluded that because two acts of possession were part of a "single objective to make money by trafficking cocaine," a Petrich instruction was not required. Love, 80 Wn. App. at 362-63.

Jackson argues State v. King, 75 Wn. App. 899, 878 P.2d 466 (1994), controls. In King, during a search of the car King was a passenger in, Seattle police officers found cocaine in a Tylenol pill bottle. King, 75 Wn. App. at 901. The officers also found

4

cocaine in King's fanny pack. King, 75 Wn. App. at 901. The State charged King with one count of possession of cocaine. King, 75 Wn. App. at 901.

At trial, King testified the officers planted the cocaine on him. King, 75 Wn. App. at 901-02. King requested a unanimity instruction. The prosecutor told the court the State would elect which act of possession it would rely on to convict. King, 75 Wn. App. at 903. However, the State did not do so. King, 75 Wn. App. at 903.

On appeal, the State argued a continuing course of conduct rather than two separate acts of possession. King, 75 Wn. App. at 902. Because the evidence established two distinct acts of possession of cocaine, we rejected the State's argument:

> The State's evidence tended to show two distinct instances of cocaine possession occurring at different times, in different places, and involving two different containers . . . . One alleged possession was constructive, the other actual.

King, 75 Wn. App. at 903. Because there was conflicting evidence regarding King's possession, we concluded the failure to give a Petrich instruction was not harmless error. King, 75 Wn. App. at 904.

> Sufficient conflicting evidence exists as to which one of the car's occupants constructively possessed the Tylenol bottle for us to conclude that a rational trier of fact could entertain reasonable doubt as to whether King was responsible for the Tylenol bottle. The evidence is also conflicting as to King's alleged possession of the cocaine in the fanny pack. King testified that he was unaware of the cocaine in his fanny pack and asserted that the officers must have planted it. King's testimony requires a determination of credibility that is uniquely the jury's to make. We cannot say that no rational trier of fact would entertain a reasonable doubt about King's responsibility for the cocaine in his fanny pack.
> Under these circumstances, the lack of a unanimity instruction to the jury was not harmless.

King, 75 Wn. App. at 903-04.

5

We conclude this case is more like King than Love and the court erred in failing to give a Petrich jury instruction. Unlike Love, the State did not charge Jackson with possession with intent to deliver, and there is no evidence that his possession was part of a "single objective."[3] Here, as in King, the evidence showed Jackson possessed heroin at two different times and in two different places.

The State argues that even if a Petrich instruction was required, the error was harmless.

When a court fails to give a required Petrich instruction, we assume the error was prejudicial. Kitchen, 110 Wn.2d at 411. This presumption can be overcome "only if no rational juror could have a reasonable doubt as to any of the incidents alleged." State v. Coleman, 159 Wn.2d 509, 512, 150 P.3d 1126 (2007) (citing Kitchen, 110 Wn.2d at 411-12).

Here, unlike in King, the undisputed facts established Jackson's guilt. Officer Ross testified that after removing Stoutenburg from his patrol car, he checked the rear passenger compartment "very thoroughly" for weapons or contraband. Officer Ross testified Stoutenburg did not leave anything in the patrol car. Officer Ross then put Jackson in his patrol car and took him to the jail. After removing Jackson from his patrol car, Officer Ross checked the backseat again. Officer Ross testified he found a small plastic bag containing what he believed was heroin. Deputy Stevie and Deputy Greely testified they saw Jackson holding a small bag in his hand while Jackson sat in a holding cell. The WSPCL forensic scientist testified that he tested both bags and found they contained heroin. Unlike King, Jackson did not assert a different defense to each act of possession, did not testify, and did not present evidence of his possession.

---

[3] Love, 80 Wn. App. at 362.

6

Because no rational juror could have a reasonable doubt as to whether each act established the crime beyond a reasonable doubt, the lack of a unanimity instruction was harmless.

We affirm.

WE CONCUR: