# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>JAMES JEROME KENNEDY,<br><br>Appellant. | No. 84553-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — James Kennedy appeals his conviction, arguing the trial court erroneously excluded evidence of the complaining witness's prior misdemeanor convictions in violation of ER 609 and his right to present a defense. Because we conclude that any error did not materially affect the outcome, we affirm.

I

On March 1, 2019, Tracy Jones was in a trailer that belonged to his neighbor, Kim Roper, when Kennedy entered and started talking about a bicycle that Jones had purchased from Kennedy. Jones had previously agreed to buy a bicycle from Kennedy for $100. The terms of the agreement are disputed. According to Jones, the two agreed on "a deal where it was $100, and I would give him $50 up front, you known, and hang on to the bike. And then when I verified that it was a real, you know, bike, then I'd pay him the other $50 and the deal would be done." Jones testified that if the bicycle turned out to be a "knockoff," he would return the bicycle, and Kennedy would give back the $50. Jones later concluded

the bicycle was not genuine, and testified he told Kennedy he wished to rescind the transaction.

According to Kennedy, "It was $100 for a bicycle that I gave [Jones]. And he gave me $50 down and was going to give me $50 at the end of the week. That was it. There was no—nothing talked about, any calling the manufacturer ever or anything like that." Kennedy testified Jones came up with excuses when asked about the remaining balance. Kennedy testified he asked Jones to return the bicycle so he could sell it to somebody else, and give Jones back his $50. However, Jones would not give the bicycle back until Kennedy returned his $50.

Roper testified that in the trailer, Kennedy and Jones "were disagreeing about a price on [the bicycle] or something. One wanted the money back, and they were just, they were disagreeing with each other, and the conversation started to get a little bit heated." Roper testified that Jones was sitting in the back corner of the trailer during the conversation, when Kennedy "just kind of jumped on [Jones] and started hitting him. And he had something small in his hand." Roper saw Kennedy hit Jones in the head using the same hand that was holding the object about two or three times. Kennedy and Jones "wrestled around that way for a little bit, and managed to get to their feet, and tumbled out the door pretty much together."

Jones testified Kennedy entered Roper's trailer and asked him where the bicycle was, to which Jones replied asking where his $50 was. Jones stated that he looked up and saw "a pipe sliding out of the coat into [Kennedy's] hand. And

then he hit me with it. And I just buried my face in between my knees and put my hands over like this . . . . And he just kept hitting me." Jones testified Kennedy hit him with the pipe 20 to 30 times before Jones was able to push the door open and crawl between Kennedy's legs out the door. There was one step in the entryway to Roper's trailer that Jones "kind of crawled and rolled out of it." Jones testified he ran towards his fifth wheel and called 911. Jones sustained right zygomatic arch fractures and scalp bruising.

Kennedy testified that inside Roper's trailer, he asked Jones "for the $50. And then we got in a tussle, and he went out the door. And I walked out the door, he swung at me with the jack handle, and then he took off toward his trailer." Kennedy stated he did not recall hitting Jones, but stated the two engaged in a mutual "wrestling match." The State charged Kennedy with second degree assault with a deadly weapon.

The State filed a pretrial motion to exclude evidence of any witness's "prior bad acts" without an offer of proof. Kennedy provided the State three certified prior convictions for Jones: a third degree theft conviction, and two fourth degree assault convictions. At argument, Kennedy stated Jones had two additional third degree theft convictions for which Kennedy's counsel did not have the judgment and sentences, and represented that the convictions were included in the State's prior discovery responses. The State responded expressing uncertainty about which cases Kennedy was referring to and requested the case numbers to look up the two missing theft convictions. The State argued Kennedy needed the judgment

and sentence for the convictions to be able to impeach Jones. Kennedy stated "unless the State's disputing the convictions that it gave me about their witnesses and their legitimacy, I do think that I can bring those up as [ER] 609 convictions without having the particular Judgment and Sentences." The State argued that without the judgment and sentence, "should [Jones] deny having those two theft in the third degree convictions, [Kennedy] has to accept that." The trial court ruled,

> I will allow for the parties to introduce one prior theft in the third degree conviction for purposes of [ER] 609, but I'm not going to allow multiple prior convictions for a misdemeanor theft charge to show dishonesty to a testifying witness.
> So the one prior conviction, the parties can choose which one they would want. Usually it would be the most recent that they can prove up, but we would get sidetracked if we go into a history of, you know, somebody's been convicted of three or four different theft in the third degrees in the last ten years.
> That's not informative to the jury, in my opinion. I think it's cumulative. Showing that a person has been convicted once satisfies the requirement and the ability to impeach, at least for this kind of case, on this kind of issue.
> So that's for all witnesses on both sides. So if there are multiple theft convictions for a particular witness, I would ask the parties to decide which one they can prove or they are comfortable with or that they agree to use and one will be allowed.

Kennedy objected and noted he may have further briefing. At trial, both Jones and Kennedy testified they had a prior misdemeanor theft conviction.

The jury acquitted Kennedy of second degree assault and the deadly weapon enhancement, and convicted Kennedy of third degree assault. The trial court sentenced Kennedy to 80 hours of community service. Kennedy appeals.

4

II

Kennedy argues the trial court erroneously excluded evidence of Jones's prior misdemeanor theft convictions in violation of ER 609. We conclude that any error was harmless.

We review evidentiary rulings for an abuse of discretion. State v. King, 75 Wn. App. 899, 910 n.5, 878 P.2d 466 (1994). A trial court abuses its discretion "if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). Evidence of prior convictions may be admissible to attack the credibility of a witness, including a defendant in a criminal case, under ER 609. State v. Rivers, 129 Wn.2d 697, 704-05, 921 P.2d 495 (1996). ER 609(a) states,

> For the purpose of attacking the credibility of a witness in a criminal or civil case, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered, or (2) involved dishonesty or false statement, regardless of the punishment.

"[C]rimes of theft involve dishonesty and are *per se* admissible for impeachment purposes under ER 609(a)(2). State v. Ray, 116 Wn.2d 531, 545, 806 P.2d 1220 (1991), abrogated on other grounds by State v. Crossguns, 199 Wn.2d 282, 505 P.3d 529 (2022).

The State argues the trial court was within its discretion to limit questioning to one misdemeanor theft conviction because Kennedy lacked documentation of

5

the convictions. However, ER 609(a) states a prior conviction shall be admitted either if "elicited from a witness" or "established by public record during examination of the witness." In Ray, the court overruled its treatment of theft crimes in State v. Burton, 101 Wn.2d 1, 676 P.2d 975 (1984), in which, Ray explained, the trial court "admitted evidence of defendant's prior convictions for petit larceny and shoplifting." Ray, 116 Wn.2d at 544. Ray approved the reasoning of the lead opinion in State v. Brown, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906 (1989). Ray, 116 Wn.2d at 544-45. That opinion concluded, "all three theft convictions were automatically admissible as crimes involving dishonesty." Brown, 113 Wn.2d at 545. Even though Kennedy would not have been able to prove the admissible prior theft convictions if Jones denied them, the trial court denied Kennedy the opportunity to elicit the convictions from Jones through cross-examination. However, any error in disallowing this cross-examination was harmless.

An erroneous ruling under ER 609(a) is reviewed under the nonconstitutional harmless error standard. Rivers, 129 Wn.2d at 706. A ruling under ER 609 is not reversible error " 'unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " State v. Smith, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting State v. Cunningham, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980)). Here, there is not a reasonable probability that the outcome of the trial would have been different absent the error.

6

Even if two additional prior theft convictions of Jones had been before the jury, the outcome of the trial would have been the same based on the other evidence before the jury. Jones testified Kennedy hit him with a pipe numerous times before he was able to exit the trailer. Roper identified Kennedy as the aggressor, testifying Kennedy "just kind of jumped on [Jones] and started hitting him. And he had something small in his hand." Roper testified he saw Kennedy hit Jones in the head using the same hand that was holding the object about two or three times. Jones's injuries, right zygomatic arch fractures and scalp bruising, were consistent with Roper's and Jones's testimony. The outcome of the trial was not materially affected by excluding the additional ER 609(a) impeachment evidence, and therefore any error in its exclusion was harmless.

III

Kennedy argues the exclusion of Jones's prior convictions violated Kennedy's constitutional right to present a defense. We disagree.

In determining whether a trial court erred in excluding evidence in violation of a defendant's Sixth Amendment right to present a defense, we engage in a "two-step review process." State v. Arndt, 194 Wn.2d 784, 797, 453 P.3d 696 (2019). This court first reviews "the trial court's individual evidentiary rulings for an abuse of discretion." Id. at 797-98. Where a " 'trial court abused its discretion in making an evidentiary ruling, and the ruling was prejudicial to the defendant,' " our inquiry ends. State v. Jennings, 199 Wn.2d 53, 59, 502 P.3d 1255 (2022) (quoting with approval State v. Jennings, 14 Wn. App. 2d 779, 800-01, 474 P.3d 599 (2020),

(Melnick, J., concurring), affirmed in part, 199 Wn.2d 53)).  However, where " 'the abuse of discretion constituted harmless error,' " id. at 59 (quoting Jennings, 14 Wn. App. 2d at 800-01 (2020)), or where a court's evidentiary rulings do not constitute abuse of discretion, we then "consider[] de novo whether the exclusion of evidence violated the defendant's constitutional right to present a defense," id. at 58.

A criminal defendant's right to present a defense is guaranteed by both the federal and state constitutions.  U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.  However, the Constitution permits judges to " 'exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues.' "  Holmes v. South Carolina, 547 U.S. 319, 326-27, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006) (alterations in original) (internal quotation marks omitted) (quoting Crane v. Kentucky, 476 U.S. 683, 689-90, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986)).  There is "a distinction between evidence that merely bolsters credibility and evidence that is necessary to present a defense."  Jennings, 199 Wn.2d at 66-67.  If the evidence is relevant, we must weigh the defendant's right to produce relevant evidence against the State's interest in limiting the prejudicial effects of that evidence to determine if excluding the evidence violates the defendant's constitutional rights.  State v. Hudlow, 99 Wn.2d 1, 16, 659 P.2d 514 (1983); State v. Orn, 197 Wn.2d 343, 353, 482 P.3d 913 (2021).

8

As stated above, any error in the exclusion of the convictions was harmless. In State v. Young, 27 Wn. App. 2d 461, 473, 532 P.3d 629 (2023), this court declined to apply the constitutional harmless error standard, stating, "It cannot be the case that any defendant who identifies an erroneous exclusion of relevant evidence that is harmless under the nonconstitutional standard can—by doing no more than asserting a constitutional claim—impose on the State the heightened burden of proving constitutional error." Instead, the court applied a materiality standard to determine whether a violation of the right to present a defense occurred. Id. at 474-75. The court stated,

> "The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt . . . . This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."

Young, 27 Wn. App. 2d at 474 (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 868, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982)). In Young, the court found there was no reasonable likelihood that Young's testimony to a self-serving opinion that he was driving safely would have changed the outcome, where the defense was able to present and argue the facts on which Young's opinion was based. Id. at 478.

Here too, there is no reasonable likelihood that admitting additional prior convictions would have changed the outcome. Kennedy was able to present evidence of one of Jones's prior theft convictions. Any error in excluding the

additional theft convictions did not affect Kennedy's ability to argue that Jones was physically aggressive and that Kenney acted in self-defense.

III

Because we do not conclude that Kennedy waived his objection to the court's exclusion of two prior theft convictions of Jones, it is not necessary to reach his argument that waiver would constitute ineffective assistance of counsel.

Affirmed.

_Birk, J._

WE CONCUR:

_Díaz, J._                     _Smith, C.J._